774 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
United States of America, Plaintiff-Appellee,
v.
Raymond Jackson Bryant, Defendant-Appellant.
 No. 84-6032
 United States Court of Appeals, Sixth Circuit.
 9/5/85
 
 E.D.Ky.
 AFFIRMED
 On Appeal from the United States District Court for the Eastern District of Kentucky
 Before: ENGEL and MILBURN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Raymond Jackson Bryant appeals an order of the United States District Court for the Eastern District of Kentucky dismissing his motion to vacate his sentence under 28 U.S.C. Sec. 2255. The issue on appeal is whether Bryant plead guilty to Count 3 of a three-count indictment although he did not state 'I plead guilty to Count 3.'
 
 
 2
 On August 12, 1981, Bryant, his wife, and two others were charged in a three-count indictment with conspiracy to destroy real estate by means of explosives, traveling in interstate commerce with intent to promote an unlawful activity, and malicious damage to real property by means of explosives. The government subsequently entered into plea agreements with the defendants. The prosecutor gave Bryant the option to plead guilty to either Count 2 or Counts 1 and 3. In exchange, the prosecutor promised to dismiss the remaining counts against Bryant and to dismiss the charges against his wife. The two other defendants agreed to plead guilty to either Count 1 or Count 3 in exchange for the government's promise to dismiss the remaining counts.
 
 
 3
 At a hearing on October 5, 1981, these agreements were explained to the trial court judge. Bryant's attorney indicated that Bryant would plead guilty to Counts 1 and 3, and the attorneys for the other defendants indicated that they would plead guilty to Count 1. The judge specifically asked each of the defendants for his plea to Count 1 of the indictment. Subsequently, the judge read and explained Count 1 to all three pleading defendants and read and expained Count 3 to Bryant. The judge also asked Bryant if he was aware that he was pleading guilty to two counts, and Bryant replied that he was aware. However, the trial judge did not expressly ask Bryant for his plea to Count 3.
 
 
 4
 Bryant was sentenced to two five-year terms on his convictions. The judge directed that the terms be served consecutively. Count 2 against Bryant was dismissed, and all of the charges against his wife were dropped.
 
 
 5
 On June 6, 1984, Bryant filed a motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255 on four grounds: (1) his guilty plea was not made voluntarily, (2) he was denied the effective assistance of counsel, (3) he was illegally sentenced for a count to which he did not expressly plead guilty, (4) he was denied the right to appeal. The matter was referred to a magistrate who recommended that Bryant's motion be denied. The district court adopted the magistrate's recommendation, and Bryant appealed. On appeal, Bryant argues only that his sentence on Count 3 of the indictment was illegal because he did not expressly enter a guilty plea on that count.
 
 
 6
 A careful examination of the record convinces us, as it did the district judge and the magistrate, that the defendant knowingly, intelligently, and voluntarily pleaded guilty to Counts 1 and 3 of the indictment and that Bryant's failure to use the express words indicating his intention to plead guilty to Count 3 was only a technical oversight in light of the extensive colloquy which took place between Bryant, his attorney, and the court. Mere technical noncompliance with Fed. R. Crim. P. 11 is not a sufficient basis for collateral attack upon a guilty plea in a proceeding under 28 U.S.C. Sec. 2255. Plainly, the technical violation here does not amount to a fundamental defect resulting in a complete miscarriage of justice, United States v. Timmreck, 441 U.S. 780 (1979).
 
 
 7
 AFFIRMED.