811 F.2d 607
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl Lamonte PARR, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 85-3886.
 United States Court of Appeals, Sixth Circuit.
 Dec. 30, 1986.
 
 Before ENGEL and KRUPANSKY, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Earl Lamonte Parr appeals from an order by Senior United States District Judge Nicholas J. Walinski denying a motion under 28 U.S.C. Sec. 2255 to vacate the sentence that Judge Walinski imposed after trial on charges of transporting women across state lines for immoral purposes.
 
 
 2
 Parr alleges ineffective assistance of trial counsel. The district judge denied an evidentiary hearing on the allegations because the trial record establishes that Parr is not entitled to relief.
 
 
 3
 The allegations of ineffective assistance are that: (1) Counsel failed to object when the government coached its main witness, one of Parr's alleged prostitutes. There is an affidavit by Parr's mother, who claims to have observed a government officer in the courtroom shaking her head "yes" and "no" while the witness testified. The district court held that this allegation "is pure conjecture and unsupported by the record." Furthermore, the court held that if coaching occurred, it was not prejudicial because the testimony of other witnesses supports the conviction beyond a reasonable doubt. (2) Counsel did not thoroughly investigate the case. The district court rejected this argument because Parr did not specify any deficiencies in investigation and did not show prejudice. (3) Counsel did not move for discovery. The court rejected this argument because Parr did not show prejudice. (4) Counsel failed to move to suppress evidence. The court saw no error in this because Parr did not have standing to challenge seizure of the evidence. (5) Counsel did not object to the trial judge's entering the jury room. The district court held there was no evidence for this allegation and no show of prejudice. (6) Counsel did not let Parr testify. The court held that counsel acted prudently because of the risk that the prosecution would have impeached Parr's credibility with evidence of his prior convictions.
 
 
 4
 Parr has of course already availed himself of a right of direct appeal and we observe that his counsel at that time was at least partially successful in having persuaded this court to vacate the sentences on two of his three convictions under 18 U.S.C. Sec. 2421. Actions brought under 28 U.S.C. Sec. 2255 are not designed as vehicles for an additional direct appeal and only such errors as are constitutional in their scope or could not otherwise have been in existence at the time of the direct appeal are cognizable. United States v. Timmreck, 441 U.S. 780, 784 (1979); Davis v. United States, 417 U.S. 333 (1974).
 
 
 5
 While court-appointed counsel has diligently and aggressively pursued this appeal, we are fully satisfied that the district judge correctly disposed of all of the issues raised in the motion to vacate. We further agree with Judge Walinski's conclusion that the existing record provided an adequate basis for his denial of the motion to vacate. The representations and offers of proof were insufficient--if found supported by an evidentiary hearing--to have justified the relief sought.
 
 
 6
 AFFIRMED.