## UNITED STATES *v.* TIMMRECK

No. 78–744.  Argued April 16, 1979—Decided May 21, 1979

STEVENS, J., delivered the opinion for a unanimous Court.

*Kenneth S. Geller* argued the cause for the United States. With him on the brief were *Solicitor General McCree* and *Assistant Attorney General Heymann.*

*Kenneth M. Mogill* argued the cause and filed a brief for respondent.

MR. JUSTICE STEVENS delivered the opinion of the Court.

The question presented is whether a conviction based on a guilty plea is subject to collateral attack whenever it can be shown that Rule 11 of the Federal Rules of Criminal Procedure was violated when the plea was accepted.

In this case, acting on the advice of counsel, respondent pleaded guilty to a charge of conspiracy to distribute various controlled substances. As required by Rule 11,[1] the District Judge formally addressed respondent and determined that

---

[1] At the time of respondent's guilty plea, Rule 11 provided:

"A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere*. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea."

Rule 11 now provides in pertinent part:

"Advice to Defendant.

"Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

"(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and

"(2) if the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if necessary, one will be appointed to represent him; and

"(3) that he has the right to plead not guilty or to persist in that plea if it has already been made, and he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and

"(4) that if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial; and

"(5) that if he pleads guilty or nolo contendere, the court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement."

there was a factual basis for the plea and that he was acting voluntarily. The judge explained that respondent could receive a sentence of 15 years' imprisonment and a $25,000 fine, but the judge failed to describe the mandatory special parole term of at least 3 years required by the applicable statute.[2]

The District Judge accepted the guilty plea and, at a later proceeding, sentenced respondent to 10 years' imprisonment plus a special parole term of 5 years, and a fine of $5,000. Pursuant to a plea bargain with the prosecutor, other charges against respondent were dismissed. No objection to the sentence was raised at the time, and respondent did not take an appeal from his conviction.

About two years later, respondent moved to vacate the sentence pursuant to 28 U. S. C. § 2255[3] on the ground that the trial judge had violated Rule 11 by accepting his plea without informing him of the mandatory special parole term. The District Court held an evidentiary hearing, at which respondent's lawyer testified that it was his normal practice to inform his clients about the mandatory special parole term but that he could not recall whether or not he had given such advice to this defendant. Following this hearing, the District Court denied the motion. The court recognized that a violation of Rule 11 had occurred, but concluded that it did not justify collateral relief under § 2255 because re-

---

[2] 21 U. S. C. § 841 (b) (1) (A).

[3] Title 28 U. S. C. § 2255 provides in pertinent part:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

spondent had not suffered any prejudice inasmuch as he had received a sentence within the maximum described to him at the time the guilty plea was accepted.

The Court of Appeals reversed. 577 F. 2d 372. It held that a violation of Rule 11 will support a collateral attack on a conviction based on a guilty plea even when there is neither constitutional error nor any showing of special prejudice to the defendant. Because of the importance of that holding to the administration of justice, we granted certiorari, 439 U. S. 1065, and now reverse.

In *Hill* v. *United States,* 368 U. S. 424, the Court was presented with the question whether a collateral attack under § 2255 could be predicated on a violation of Fed. Rule Crim. Proc. 32 (a), which gives the defendant the right to make a statement on his own behalf before he is sentenced. The Court rejected the claim, stating:

> "The failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus. It is an error which is neither jurisdictional nor constitutional. It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure. It does not present 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent.' *Bowen* v. *Johnston,* 306 U. S. 19, 27. See *Escoe* v. *Zerbst,* 295 U. S. 490; *Johnson* v. *Zerbst,* 304 U. S. 458; *Walker* v. *Johnston,* 312 U. S. 275; *Waley* v. *Johnston,* 316 U. S. 101." 368 U. S., at 428.

The reasoning in *Hill* is equally applicable to a formal violation of Rule 11. Such a violation is neither constitutional nor jurisdictional: the 1966 amendment to Rule 11

obviously could not amend the Constitution or limit the jurisdiction of the federal courts. Nor can any claim reasonably be made that the error here resulted in a "complete miscarriage of justice" or in a proceeding "inconsistent with the rudimentary demands of fair procedure." Respondent does not argue that he was actually unaware of the special parole term or that, if he had been properly advised by the trial judge, he would not have pleaded guilty. His only claim is of a technical violation of the Rule. That claim could have been raised on direct appeal, see *McCarthy* v. *United States*, 394 U. S. 459, but was not. And there is no basis here for allowing collateral attack "to do service for an appeal." *Sunal* v. *Large*, 332 U. S. 174, 178.

Indeed, if anything, this case may be a stronger one for foreclosing collateral relief than the *Hill* case. For the concern with finality served by the limitation on collateral attack [4] has special force with respect to convictions based on guilty pleas.

> "Every inroad on the concept of finality undermines confidence in the integrity of our procedures; and, by increasing the volume of judicial work, inevitably delays and impairs the orderly administration of justice. The impact is greatest when new grounds for setting aside guilty pleas are approved because the vast majority of criminal convictions result from such pleas. Moreover, the concern that unfair procedures may have resulted in the conviction of an innocent defendant is only rarely raised by a petition to set aside a guilty plea." *United States* v. *Smith*, 440 F. 2d 521, 528–529 (Stevens, J., dissenting).

As in *Hill*, we find it unnecessary to consider whether § 2255 relief would be available if a violation of Rule 11 occurred in

---

[4] See *Stone* v. *Powell*, 428 U. S. 465, 491, and n. 31; *Henderson* v. *Kibbe*, 431 U. S. 145, 154 n. 13.

the context of other aggravating circumstances. "We decide only that such collateral relief is not available when all that is shown is a failure to comply with the formal requirements of the Rule." 368 U. S., at 429.

The judgment of the Court of Appeals is

*Reversed.*