**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Sergio LOPEZ–BELTRAN,**
**Defendant-Appellant.**

**No. 79–1244.**

United States Court of Appeals,
Ninth Circuit.

Sept. 7, 1979.

Rehearing Denied November 29, 1979.

Warren R. Williamson, San Diego, Cal., for defendant-appellant.

Hector E. Salitrero, Asst. U. S. Atty. (on the brief), Michael H. Walsh, U. S. Atty., Hector E. Salitrero, Asst. U. S. Atty. (argued), Bruce R. Castetter, Asst. U. S. Atty. (on petition for rehearing), San Diego, Cal.

Before WALLACE, and TANG, Circuit Judges, and ZIRPOLI,* District Judge.

## AMENDED OPINION

PER CURIAM:

This court's opinion filed May 29, 1979, is withdrawn in light of the government's petition for rehearing, and instead the following is substituted.

Appellant Sergio Lopez-Beltran was charged in a one-count indictment of violating 8 U.S.C. section 1325 [1] in that he illegally entered the United States at a time and place other than that designated by immigration officers and further that such entry was effected after a prior conviction of illegal entry into the United States. Because of the allegation that appellant had been previously convicted of violating section 1325, the indictment charged him with a felony.

Appellant filed a motion to dismiss the indictment on the grounds that the prior conviction upon which the felony indictment was predicated was infirm because the magistrate had violated Rule 11(f), Federal Rules of Criminal Procedure, in accepting appellant's guilty plea. The trial judge denied appellant's motion, and the case was tried upon stipulated facts. Defendant was found guilty and sentenced to two years in custody, which sentence was suspended on the condition that appellant serve 180 days in a jail-type or treatment institution, and that appellant be on probation for a period of two years.

The issues on this appeal are whether the prior conviction is in fact infirm for the failure to comply with Rule 11(f), and, if so, whether that conviction can be collaterally attacked in this proceeding, wherein the indictment for a felony violation of section 1325 is predicated upon the prior conviction. Although the appeal is ostensibly one from the order denying the motion to dismiss the indictment, appellant concedes that even if the prior conviction were expunged, he would stand guilty, on the stipulated facts, of the lesser included misdemeanor offense.

We must affirm. The Supreme Court's recent decision in *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), effectively forecloses a defendant's right to attack collaterally a conviction in which a Rule 11 violation occurred. While *Timmreck* involved an attack under 28 U.S.C. section 2255, the Court's reasoning is equally applicable here: "collateral relief is not available when all that is shown is a failure to comply with the formal requirements of the Rule." (441 U.S. at 785, 99 S.Ct. at 2088, citing *Hill v. United States*, 368 U.S. 424, 429, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).) The result is that a conviction is not made invalid by a Rule 11 violation unless that violation is asserted on direct appeal. In this case, as in *Timmreck*, that was not done. Accordingly, we must affirm the conviction.

---

* The Honorable Alfonso J. Zirpoli, Senior United States District Judge for the Northern District of California, sitting by designation.

1. § 1325. Entry of alien at improper time or place; misrepresentation and concealment of facts

   Any alien who (1) enters the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact, shall, for the first commission of any such offenses, be guilty of a misdemeanor and upon conviction thereof be punished by imprisonment for not more than six months, or by a fine of not more than $500, or by both, and for a subsequent commission of any such offenses shall be guilty of a felony and upon conviction thereof shall be punished by imprisonment for not more than two years, or by a fine of not more than $1,000, or both.