627 P.2d 1081

STATE of Arizona, Petitioner,

v.

The SUPERIOR COURT OF the STATE OF ARIZONA, IN and FOR the COUNTY OF PIMA, and the Honorable William E. Druke, Judge of the Superior Court, Division XI, Respondent,

and

Douglas Edward Gretzler, Real Party in Interest.

No. 15207.

Supreme Court of Arizona, In Banc.

March 31, 1981.

Rehearing Denied May 12, 1981.

Stephen D. Neely, Pima County Atty. by David G. Dingeldine, Lynne A. Gallagher, Deputy County Attys., Tucson, for petitioner.

Hoffman & Brown by David S. Hoffman, Tucson, for real party in interest.

CAMERON, Justice.

This special action challenges a ruling on a motion in limine by the Pima County Superior Court, precluding the State from using the defendant's nine California murder judgments as aggravating circumstances under the Arizona death penalty statute, A.R.S. § 13–703. We accepted jurisdiction because of the punishment involved, because there was no plain, adequate, or

speedy remedy by appeal, and to prevent what we perceived to be a misapplication of the law. We have jurisdiction pursuant to Article 6, § 5 of the Arizona Constitution and Rule 3(c), Rules of Procedure for Special Actions, 17A A.R.S.

We must determine only one issue: Were the nine California judgments of guilt void and therefore inadmissible for enhancement of sentence in Arizona?

The facts necessary for a determination of this matter are as follows. Douglas Gretzler, defendant, and Willie Luther Steelman were responsible for the deaths of Michael and Patricia Sandberg in Tucson, Arizona, on 3 November 1973. A factual statement of defendant's conduct is contained in *State v. Gretzler*, 126 Ariz. 60, 612 P.2d 1023 (1980). Later, nine persons were killed by the same pair in San Joaquin County, California. On 8 November, Gretzler was arrested in California, and a California attorney was immediately appointed to represent him. On 6 June 1974, the defendant changed his plea from not guilty to guilty before Judge Papas in the San Joaquin County Superior Court of the State of California. The plea was a result of a plea bargain in which six other charges were dismissed including one charge of kidnapping which carried a potentially greater punishment than the murders to which defendant pled guilty.

Before accepting the defendant's guilty pleas, Judge Papas explained the charges and elements of first degree murder and advised the defendant that certain constitutional rights were waived when a guilty plea is entered. The proceeding at which defendant pled guilty appears to have complied with the procedure required by *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Toward the end of the proceeding the following transpired:

"THE COURT: Now, Mr. Gretzler, and Mr. Dedekam, if it has been explained to you, all right, but if not, I would like to explain to you, that you understand that the pleas you have entered in this proceeding, of course, will not affect any other charge or charges which may be pending in any other jurisdiction? You understand that?

"DEFENDANT GRETZLER: Yes.

"THE COURT: This only takes care of the matters that are before this court in this county.

"DEFENDANT GRETZLER: That means they do not affect either way?

"THE COURT: That's right. That's correct. It has nothing to do with any other proceeding which may or has been initiated. Excuse me. I have been advised by counsel there is some proceeding in another state. And there's some proceeding in one or two other counties. Now I am not certain of that. But you understand, of course, whatever action is taken here, and your plea here does not affect those proceedings at all. You understand that?

"DEFENDANT GRETZLER: Right. I understand that."

After sentencing in California, defendant was extradited to Arizona to stand trial for the Sandberg murders. Defendant was convicted of first degree murder, and following an aggravation-mitigation hearing, at which time the nine California convictions were introduced as aggravating circumstances under Arizona's death penalty statute, A.R.S. § 13–454(E)(1), (2) (presently A.R.S. § 13–703), the defendant was sentenced to death by the Pima County Superior Court. Appeal to this court followed, and we remanded the case for resentencing pursuant to *State v. Watson*, 120 Ariz. 441, 586 P.2d 1253 (1978), cert. denied 440 U.S. 924, 99 S.Ct. 1254, 59 L.Ed.2d 478 (1979); *State v. Gretzler*, supra.

Prior to resentencing, the defendant filed a motion in limine and a motion under Rule 32, Rules of Criminal Procedure, 17 A.R.S., to preclude the State from introducing the California convictions as aggravating circumstances. Defendant alleged that he was misled by Judge Papas into believing that the guilty pleas would not affect other proceedings when, in fact, they directly affected sentencing in Arizona. The Pima County Superior Court, Judge W. E. Druke,

granted the defendant's motion in limine and indicated that the California convictions would not be used as aggravating circumstances in resentencing. The State filed a petition for special action in this court.

## MOTION "IN LIMINE"

In criminal cases, a motion in limine is treated as a motion to suppress, and the ruling of the trial court will not be disturbed on appeal absent a clear abuse of discretion. *State v. Dupuy*, 116 Ariz. 151, 568 P.2d 1049 (1977); *State v. Wright*, 125 Ariz. 36, 607 P.2d 19 (App.1979). While motions to suppress are generally filed between the time of arraignment and trial in order to exclude evidence at trial, Rule 16, Rules of Criminal Procedure, 17 A.R.S., our criminal code, in A.R.S. § 13–703, requires the trial judge to hold a presentence hearing following a conviction of first degree murder to determine the existence of aggravating and mitigating circumstances. We believe that a motion in limine before sentencing should be treated in the same manner as a motion to suppress before trial, and the same standard of review will be applied. *State v. Rodriguez*, 126 Ariz. 28, 612 P.2d 484 (1980).

## ARE THE CALIFORNIA JUDGMENTS VOID?

The defendant asserts that the guilty pleas which resulted in the California convictions were involuntary because he was misled as to their consequences. Defendant testified at the hearing before the Pima County court that he did not know that Arizona had the death penalty, that he had not discussed the matter with his attorney, and did not know the consequences, in Arizona, of his pleas in California. He further testified that he would not have pled guilty in California had he known the convictions could be used to impose the death penalty in Arizona.

There was sufficient evidence from which it could be found by the trial court that at the time of sentencing in California, the defendant was confused, if not misled, as to the effect of his guilty pleas in California upon the imposition of the death penalty in Arizona, should he later be convicted of the charges which were then pending before the Arizona courts. The record indicates that defendant challenged the validity of the California pleas and the resulting judgments of guilt in the California courts, and he has been unsuccessful in having them set aside.

A void conviction may not be used to enhance an individual's punishment in a later sentencing. *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). The judgment in *Burgett* was void because the record did not affirmatively show that the defendant was represented by counsel at the time of the prior felony judgment. Likewise, the Fifth Circuit recently held that because a prior felony judgment was obtained as a result of an involuntary confession, the judgment was void and could not be used as a prior judgment in a later case to enhance punishment because

"[T]he record before us does not establish with 'unmistakable clarity' that the trial judge reliably determined the voluntariness of the confession." *Martinez v. Estelle*, 612 F.2d 173, 180 (5th Cir. 1980).

The failure of the California judge to accurately inform the defendant of the consequences in Arizona of defendant's plea in California does not, however, render the California judgments void. The law does not require a judge in one state to accurately explain the law of a sister state before a plea of guilty to a crime in the pleading state may be accepted as voluntary. The record shows that in the instant case defendant pled guilty to nine murders pursuant to a plea bargain. There was a factual determination by the California court that he was in fact guilty of those nine murders and that the pleas were voluntarily made. We find no violation of the requirements of *Boykin v. Alabama*, supra, in the acceptance of the defendant's pleas of guilty in the California court which would render the judgments void.

The United States Supreme Court has held that a judgment of guilt based upon a plea of guilty is not void for technical violations and is not subject to collateral attack. *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979). In *Timmreck*, the defendant had not been informed of mandatory special parole terms of the offense to which he was pleading guilty. The court in *Timmreck* stated:

> " * * * His only claim is of a technical violation of the rule. That claim could have been raised on direct appeal, see *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, but was not. And there is no basis here for allowing collateral attack 'to do service for an appeal.' * * * " 441 U.S. at 784, 99 S.Ct. at 2087, 60 L.Ed.2d at 638.

And the United States Court of Appeals for the Ninth Circuit has stated:

> "The issues on this appeal are whether the prior conviction is in fact infirm for the failure to comply with Rule 11(f), and, if so, whether that conviction can be collaterally attacked in this proceeding, wherein the indictment for a felony violation of section 1325 is predicated upon the prior conviction. * * *

> "We must affirm. The Supreme Court's recent decision in *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), effectively forecloses a defendant's right to attack collaterally a conviction in which a Rule 11 violation occurred. While *Timmreck* involved an attack under 28 U.S.C. section 2255, the Court's reasoning is equally applicable here: 'collateral relief is not available when all that is shown is a failure to comply with the formal requirements of the Rule.' (citations omitted) The result is that a conviction is not made invalid by a Rule 11 violation unless that violation is asserted on direct appeal. In this case, as in *Timmreck*, that was not done. Accordingly, we must affirm the conviction." *United States v. Lopez-Beltran*, 619 F.2d 19, 20 (9th Cir. 1979).

The California judgments were entered in good faith. There was no indication that defendant was purposely misled, or that he pled guilty to crimes that he did not commit. Any violation of the *Boykin* requirements was technical in nature and not made less technical by the fact that the death penalty was involved. The judgments of guilt to the nine murders are the kind of aggravating circumstances that the legislature intended the courts of this state to consider in deciding whether to impose the death penalty. The judgments are not void, *Burgett v. Texas*, supra, and not subject to collateral attack in Arizona. *United States v. Timmreck*, supra; *United States v. Lopez-Beltran*, supra.

The matter is remanded to the Superior Court with directions that the motion in limine be denied. The court is further directed to hold hearings in mitigation and aggravation and to sentence the defendant within 60 days of the issuance of this court's mandate in this case.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., HAYS and GORDON, JJ., concur.