642 P.2d 479

**The STATE of Arizona, Appellee,**

v.

**Phillip Richard SIMMONS, Appellant.**

**No. 2 CA–CR 2424.**

Court of Appeals of Arizona,
Division 2.

Jan. 27, 1982.

Rehearing Denied March 3, 1982.

Review Denied March 23, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Joel M. Glynn, Phoenix, for appellee.

Peter B. Keller, Tucson, for appellant.

## OPINION

BIRDSALL, Judge.

The appellant was found guilty, as charged, of burglary in the first-degree and theft of property with a value of over $100. The jury also found that he had a prior felony conviction. He was sentenced to concurrent presumptive terms.

On appeal the only questions presented involve the allegation and proof of the prior conviction. The appellant contends:

1) That the state's motion to allow the allegation should have been denied because the prior conviction is void.

2) The documents admitted to prove the prior were not admissible. We affirm.

### Was the Prior Conviction Void?

The state alleged that the appellant had been convicted of possession of a narcotic drug in the Court of Common Pleas of Tuscarawas County, Ohio on October 31, 1975. The conviction was based on a plea of no contest. The documents admitted to prove the conviction include copies of the "judgment entry on sentence," the "judgment entry," the "judgment entry on ar-

raignment," and the indictment. In his opposition to the state's motion to permit the filing of the allegation, the appellant attached what purported to be transcripts of the Ohio proceeding of September 29, 1975, which resulted in the "judgment entry," and of October 21, which resulted in the "judgment entry on sentence." The earlier hearing was actually a change of plea and the latter the sentencing. The trial court was not given the extended Ohio record, which included a pre-sentence report and might also have included a transcript of the grand jury proceeding and other materials.

The appellant contends that the Ohio conviction was void, and therefore the state should not have been permitted to use it to enhance his sentence, because:

1) The plea was tendered by his attorney and not by the appellant.

2) The record did not establish a factual basis for the plea.

3) Appellant's Ohio attorney also represented his co-defendant in the case.

The appellant is making a collateral attack on the Ohio judgment. Since the record affirmatively shows the appellant was represented by counsel in Ohio, and does not show that the Ohio judgment is otherwise constitutionally infirm, the judgment is not subject to collateral attack in Arizona. *State v. Superior Court*, 128 Ariz. 583, 627 P.2d 1081 (1981); *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979). The appellant cannot rely on *State v. Watson*, 120 Ariz. 441, 586 P.2d 1253 (1978), even though that opinion contains a discussion of the validity of a prior conviction, since that decision was prior to *Timmreck*. The appellant's claims here could all have been raised on appeal in Ohio. *See McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

Appellant's only contention which is supported by the documents furnished has to do with the alleged failure to show a factual basis. The trial court in Ohio did make a finding of guilt. The Arizona trial court could not conclude without the benefit of the entire record that there was not a suffi-

cient showing of a factual basis. The judgment is entitled to full faith and credit in Arizona. The judgment is presumptively valid. *See United States v. Lopez-Beltran*, 619 F.2d 19 (9th Cir. 1979).

### The Admissibility of the Ohio Documents

The exhibits admitted to prove the prior conviction included a number of documents purporting to be records of the Ohio State Reformatory and evidencing appellant's incarceration at that facility as a result of the prior conviction. These documents were prefaced by a three-part certificate containing the following certifications:

1) Under a seal purporting to be that of the Ohio State Reformatory, Frank H. Gray certified that he was the superintendent and custodian of the records of that facility, and that the attached documents were true copies of a portion of those records.

2) Richard M. Christiansen, as presiding judge of the Court of Common Pleas in Richmond County, Ohio, certified that Gray was the superintendent and legal keeper of the records of the reformatory, and that the signature above was Gray's, and

3) Under a seal purporting to be that of the Richmond County Court of Common Pleas, Gene Coffee, the court's clerk, certified that Christiansen was a judge of that court and that the signature above was Christiansen's.

■ The first portion of the certificate, by itself, was sufficient to make the records "self-authenticating" under Rule 902(4), Arizona Rules of Evidence, 17A A.R.S. That rule provides that extrinsic evidence of authenticity is not required as a condition precedent to admissibility with respect to:

"*Certified copies of public records.* A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make certification, by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any applicable statute or rule."

The first portion of the certificate was, by itself, a certificate complying with paragraph (1) of Rule 902, since it was:

"A document bearing a seal purporting to be that of the United States, *or of any State*, district, Commonwealth, territory, or insular possession thereof, or the Panama Canal Zone, or the Trust Territory of the Pacific Islands, or of a political subdivision, department, officer, *or agency thereof*, and a signature purporting to be an attestation or execution." (emphasis added)

Under the greatly simplified authentication scheme established by Rule 902, the second and third portions of the certificate were actually superfluous, and served only to authenticate the certificate of the superintendent, in the manner provided by Rule 902(2).

Appellant contends that the certificate was insufficient to authenticate the documents, primarily because there was no showing that Frank Gray was the "custodian or other person authorized to make certification" of the reformatory records. Since the certificate itself twice recited this fact as true, once above the signature and seal of Gray himself and once above the signature of a judge of a court of record, we interpret appellant's complaint to be that Gray's authority was established only by hearsay.

■ Appellant's observation that the avowals contained in the certificate were hearsay is correct. What he has failed to note, however, is that a certificate authenticating documents is foundation evidence going only to the admissibility of the documents that it authenticates. A court determining preliminary questions concerning the admissibility of evidence, including documentary evidence, is not bound by the rules of evidence, Rule 104(a). Arizona Rules of Evidence, 17 A.R.S. It may there-

fore receive reliable hearsay to authenticate documents.

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.