745 P.2d 145

**Loren GRABBE, Petitioner,**

v.

**SUPERIOR COURT OF the STATE of Arizona, In and For the COUNTY OF YUMA, Honorable B.L. Helm, a judge thereof, Respondent Judge,**

**STATE of Arizona, Real Party in Interest.**

**No. 1 CA–SA 161.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 4, 1987.

Review Denied Dec. 1, 1987.

88

Hunt, Stanley, Hossler & Rourke, Ltd. by Douglas S. Stanley, Yuma, for petitioner.

David S. Ellsworth, Yuma Co. Atty., by Philip L. Hall, Deputy Co. Atty., Yuma, for real parties in interest.

## OPINION

JACOBSON, Judge.

This special action review requires the court to resolve the issue of whether a defendant may collaterally attack the validity of two misdemeanor pleas of guilty taken in a non-record court, on the basis that no record exists to support the conclusion that a factual basis exists to support the guilty plea. Petitioner/defendant, Loren Grabbe, was arrested on October 14, 1986 for driving while intoxicated. He was subsequently indicted and charged with four counts of felony drunk driving based upon two prior misdemeanor drunk driving convictions, and driving while his driver's license was suspended or revoked.

Defendant sought to dismiss the felony prosecution, contending that the two prior drunk driving convictions are constitutionally unavailable to enhance punishment because records filed in Yuma Municipal Court do not establish a factual basis for the two prior guilty pleas.

Initially, we note that in both challenged misdemeanor proceedings, the municipal court judge indicated on a guilty plea form that he did indeed find that a factual basis existed prior to accepting defendant's pleas of guilty. Defendant produces no evidence in rebuttal to demonstrate the lack of a factual basis for the guilty pleas into which he entered voluntarily. Rather, the defendant relies upon the rule that a silent record is insufficient to support the existence of constitutionally required procedures. See State v. Jameson, 108 Ariz. 433, 501 P.2d 375 (1972). Of course, if the defendant is correct, any convictions based upon a guilty plea in a non-record court would be unavailable for punishment enhancement purposes because by definition no verbatim transcript (record) is produced in such "non-record" courts.

However, this issue is controlled by *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), and *United States v. Lopez-Beltran*, 619 F.2d 19 (9th Cir.1979). Both cases effectively preclude collateral attack on a guilty plea where all that is shown is a failure to comply with the formal requirements of the taking of the guilty plea under the federal analogue to Rule 17, Arizona Rules of Criminal Procedure. *Timmreck*, 441 U.S. at 783–84, 99 S.Ct. at 2087, 60 L.Ed.2d at 638. As a result, a conviction after a plea of guilty is not invalidated by a technical violation of Rule 17 unless that violation is asserted on direct appeal. *Lopez-Beltran*, 619 F.2d at 20.

Moreover, the defendant's reliance upon *State v. Johnson*, 142 Ariz. 223, 689 P.2d 166 (1984) is misplaced. *Johnson* involved a direct appeal of a guilty plea, not a collateral attack. In the instant case, defendant chose not to avail himself of the appeal process following his two prior misdemeanor drunk driving convictions. From the record before us, we cannot assume that no factual basis existed to support the pleas voluntarily entered into by defendant. Jurisdiction is accepted, but relief is denied.

KLEINSCHMIDT, P.J., and EUBANK, J., concur.