754 P.2d 324

**STATE of Arizona, Appellee,**

v.

**Roger Davis HATCH, Appellant.**

**No. 1 CA–CR 10029.**

Court of Appeals of Arizona,
Division 1, Department A.

Jan. 7, 1988.

Reconsideration Denied May 9, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel Criminal Div., Janet Keating, Asst. Atty. Gen., Phoenix, for appellee.

Joseph Julius Hessinger, Pinetop, for appellant.

## OPINION

GRANT, Presiding Judge.

Defendant collaterally attacks the use of two prior convictions to enhance a misdemeanor driving while under the influence (DWI) to a felony offense. Defendant claims the prior convictions were constitutionally infirm because (1) he was not represented by counsel at the prior DWI misdemeanor proceedings, (2) there is no record to support a factual basis for the prior pleas of guilty, and (3) the court did not advise defendant at the prior misdemeanor proceedings that the convictions would be used to enhance punishment if he were convicted of another DWI in the future.

Defendant was charged by indictment with felony violations of A.R.S. § 28–692(A) and (B). At earlier proceedings, he pled guilty to two misdemeanor DWI offenses within 60 months of the third offense, the statutory predicate for the DWI felony charge. Prior to trial, defendant filed a motion to strike the prior convictions for constitutional infirmity. The court denied the motion, whereupon the defendant and the state agreed to submit the matter to the trial court based upon stipulated evidence. The parties also agreed to stay execution of any sentence pending an appeal from the denial of the motion to strike the prior convictions. The trial court found defendant guilty as charged and sentenced him to the minimum sentence of 6 months permitted by A.R.S. § 28–692. Execution of the sentence was stayed pending the outcome of this appeal.

For the reasons set forth below, we affirm.

## I. UNCOUNSELED PRIOR CONVICTIONS

Defendant claims that the prior convictions are *per se* constitutionally invalid because he was not represented by counsel at the proceedings. This argument, however, ignores the fact that defendant waived counsel in both prior conviction proceedings.

The use of prior convictions for sentence enhancement must be preceded by a showing that the defendant was either represented by counsel or that, after being fully advised of his right to counsel, he waived that right. *State v. Bridges,* 12 Ariz.App. 153, 161, 468 P.2d 604, 612 (1970). Absent evidence to the contrary, a presumption of regularity applies to prior proceedings and a proper waiver of counsel. *See State v. Hoover,* 151 Ariz. 470, 472, 728 P.2d 689, 691 (1986). Here, defendant offers no evidence, nor did he even allege, that his waiver of counsel was in any way deficient. The record reflects that the guilty pleas were entered only after defendant was advised of his constitutional rights. These rights, including the right to counsel, were voluntarily waived and are therefore not subject to collateral attack.

## II. FACTUAL BASIS FOR PRIOR PLEAS

Defendant contends that the two prior DWI convictions are constitutionally inadequate to enhance punishment because the record does not establish a factual basis for the prior guilty pleas. The certified records of the prior proceedings establish, however, that the trial judge found a factual basis. Defendant has not presented evidence in rebuttal of the lower court's finding but relies on the lack of transcript from the prior proceedings to allege no factual basis.

This issue is controlled by *United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979) and *United States v. Lopez–Beltran,* 619 F.2d 19 (9th Cir.1979). Relying on both cases, our courts have noted that a plea of guilty is not subject to collateral attack where all that is shown is

a failure to comply with the formal requirements of the taking of a guilty plea under the federal analogue to Rule 17, Arizona Rules of Criminal Procedure. *See State v. Superior Court,* 128 Ariz. 583, 586, 627 P.2d 1081, 1084 (1981); *Grabbe v. Superior Court,* 155 Ariz. 87, 745 P.2d 145 (App. 1987).

A prior conviction is a verity until set aside. *State v. Smith,* 146 Ariz. 491, 502, 707 P.2d 289, 300 (1985). Here defendant presented no evidence to rebut the finding of a factual basis on direct appeal and has not produced evidence to support a constitutional challenge. The failure, if any, to establish a factual basis for the prior convictions is a failure to comply with the formal requirements of Rule 17 of the Arizona Rules of Criminal Procedure and is not subject to collateral attack. A conviction after a plea of guilty is not invalidated by a technical violation of Rule 17 unless that violation is asserted on direct appeal. *See Lopez–Beltran,* 619 F.2d at 20.

## III. FAILURE TO ADVISE OF FUTURE CONSEQUENCES

Defendant argues that his prior convictions are invalid because he was not advised at the time he pled that the convictions would be used to enhance punishment for any future conviction. According to defendant, failure to so advise renders the plea involuntary pursuant to *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

This argument is similar to one raised by the defendant in *State v. Watson,* 120 Ariz. 441, 586 P.2d 1253 (1978). In *Watson,* the defendant attacked the use of a prior conviction on the grounds that he was not advised at the time of the plea that it could be used to support imposition of the death penalty for a future murder conviction. The court rejected this argument.

> There is a limit as to the range of consequences that follows from a plea of guilty that must be told to the defendant at the time of the plea. Defendant need only be told the immediate consequences of his plea. The court need not assume that defendant is contemplating a later murder when the plea of guilty is entered so as to require that he tell him if he does commit the murder the felony to which he is pleading guilty could cause the death penalty to be imposed.

*State v. Watson,* 120 Ariz. at 448, 586 P.2d at 1260.

Defendant here maintains that because our legislature imposed mandatory imprisonment following a third DWI conviction, the trial court is required to advise of this "immediate consequence." We disagree.

The court's duty to advise is set forth in Rule 17.2 of the Arizona Rules of Criminal Procedure. This rule does not require that a trial court inform a defendant of every conceivable consequence or collateral effect of a conviction prior to accepting a guilty plea. A defendant need only be told of the "immediate" consequences of his plea. In the instance of the prior DWI convictions, the possibility of an enhanced sentence was not part of the pending case nor a direct consequence of defendant's underlying plea since the enhanced sentence would only apply if the defendant was convicted of a future offense. *See, e.g., Chapel v. State,* 71 Or.App. 49, 691 P.2d 514 (1984); *Carter v. Municipal Court,* 149 Cal.App.3d 184, 190, 196 Cal.Rptr. 751, 754 (1983).

Defendant has failed to demonstrate that his prior convictions are constitutionally infirm so as to allow a collateral attack on the prior convictions. *State v. Simmons,* 131 Ariz. 482, 483, 642 P.2d 479, 480 (App. 1982).

The trial court was correct in denying defendant's motion to strike the prior convictions. Judgment of conviction and sentence is affirmed.

CONTRERAS and FIDELL, JJ., concur.