851 F.2d 1501
 271 U.S.App.D.C. 274
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Frederick Alex SPRINGER, Appellant.
 No. 87-3008.
 United States Court of Appeals, District of Columbia Circuit.
 May 2, 1988.
 
 Before WALD, Chief Judge, D.H. GINSBURG and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED by the court that the order of the district court denying appellant's motion to vacate sentence be affirmed.
 
 
 3
 The Clerk is directed to withhold the issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 
 4
 The Clerk is further directed to send a copy of this judgment to appellant by whatever means necessary to ensure receipt.
 
 MEMORANDUM
 
 5
 Appellant Fred Springer has appealed the district court's denial, without a hearing, of his motion to set aside or correct his sentence pursuant to 28 U.S.C. Sec. 2255 (1982). We find no error and affirm.
 
 
 6
 On March 22, 1985, Springer pled guilty to one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. Sec. 846 (1982). He was subsequently fined $25,000 and ordered to serve a term of imprisonment of up to ten years.
 
 
 7
 On September 29, 1986, Springer filed a pro se motion in the district court under 28 U.S.C. Sec. 2255 to vacate his sentence. Springer alleged that (1) his plea was not knowingly made because he did not have an adequate understanding of the law of conspiracy as it applied to his case; (2) he was denied a sufficient opportunity at sentencing to review and comment upon alleged inaccuracies in the presentence report; and (3) the district court erred in failing to submit the presentence report to Springer five days before sentencing. The district court denied the motion without a hearing, and this appeal followed.
 
 
 8
 It is beyond dispute that section 2255 does not require an evidentiary hearing in every case. United States v. Brooks, 677 F.2d 907, 911 (D.C.Cir.1982). If the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the district court may decide the motion without a hearing. 28 U.S.C. Sec. 2255. We will reverse the district court's decision to deny Springer's motion without a hearing only if it amounts to an abuse of discretion. United States v. Brooks, 677 F.2d at 911. There is clearly no such abuse here.
 
 
 9
 Springer alleges that his guilty plea should be vacated because the district court "never determined that [he] understood his actions in relationship to the charge of conspiracy." Appellant's Brief at 7. Springer's claim that the district court took inadequate steps to ensure his understanding of the charge against him is refuted by the record.
 
 
 10
 The transcript of the plea proceeding reveals that the district court described the conspiracy charge to Springer and asked him if he understood the offense with which he was charged. Springer answered that he did. The court then carefully explained the various rights that Springer waived by electing not to go to trial. At several points, the court paused to inquire whether Springer had any difficulty understanding the proceedings. Again, Springer acknowledged his comprehension.
 
 
 11
 Finally, government counsel detailed what the evidence would show if the case were to proceed to trial. The proceedings ended with Springer acknowledging both the truth of the government's representation and his guilt of the offense charged.
 
 
 12
 To be successful in a collateral attack upon a guilty plea, the prisoner must demonstrate that the plea proceeding was "inconsistent with the rudimentary demands of fair procedure" or resulted in a "complete miscarriage of justice." United States v. Timmreck, 441 U.S. 780 (1978). Our review of the record demonstrates that the district court did not abuse its discretion by concluding that such a showing was not made here.
 
 
 13
 Springer also alleges that the district court erred in imposing sentence without providing Springer and his counsel with an adequate amount of time to evaluate the presentence report. Springer argues that the failure of the district court to provide a reasonable amount of time within which to review the report prior to sentencing deprived him of his right to alert the court to material inaccuracies contained therein.
 
 
 14
 Springer is indeed correct in asserting that Rule 32(c)(3)(A) of the Federal Rules of Criminal Procedure contemplates that the defendant and his counsel have a "reasonable time" before the imposition of sentence to examine the presentence report. Springer alleged in his section 2255 Motion that he did not have an opportunity to review the report until the day of sentencing. We are aware of no case, however, that holds that the "reasonable time" requirement of Rule 32 mandates that the report be made available to the defendant prior to the day of sentencing.[1] We decline to adopt such a rule under the facts of this case.
 
 
 15
 Prior to sentencing, Springer and his attorney executed a Receipt and Acknowledgment of Presentence Investigation Report. By doing so, Springer acknowledged that he had "fully discussed" the report with counsel and that he "fully underst[ood]" the report in its entirety. Further, Springer declared that the report contained "no material factual inaccuracies." If either Springer or his attorney felt that they were deprived of a reasonable amount of time within which to review the report and confer before reaching these conclusions, a continuance of the sentencing hearing should have been requested. No such request was made.
 
 
 16
 Moreover, as found by the district court, Springer failed in his section 2255 motion to inform the court of the alleged inaccuracies about which he now complains.[2] We will not examine those alleged inaccuracies for the first time on appeal.
 
 
 17
 Accordingly, the order of the district court is affirmed.
 
 
 
 [1]
 Springer's reliance upon a Notice from the Deputy Clerk of the District Court is misplaced. That notice provided that the presentence report would be available "at least five days before the sentencing date." This Notice may not amend or supersede the Federal Rules of Criminal Procedure that provide only that the report be made available at a "reasonable time" before sentencing. In addition, we note that 18 U.S.C.A. Sec. 3552(d) (West Supp.1987), which requires that a presentence report be disclosed to the defendant, his attorney, and counsel for the government at least ten days prior to the date of sentencing, does not apply to the facts of this case. That section became effective on November 1, 1987, after Springer's sentence was imposed by the district court
 
 
 [2]
 In a "Response and Traverse" to the government's opposition to Springer's section 2255 motion, Springer raised for the first time the alleged inaccuracies in the report. This pleading was filed on February 2, 1987, five days after the denial of the motion by the district court. Springer alleges that it was error for the district court to deny his motion without first considering his response to the government's opposition. We disagree. The Rules Governing Section 2255 Proceedings do not provide for the filing of a response. See Rule 5, Rules Governing Proceedings Pursuant to Section 2255 of Title 28