856 F.2d 193
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Amil DINSIO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-3169.
 United States Court of Appeals, Sixth Circuit.
 Sept. 1, 1988.
 
 Before LIVELY, RYAN and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals the district court's order denying his motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial, petitioner Amil Dinsio was convicted of bank burglary in violation of 18 U.S.C. Secs. 2113(a) and (b). He was sentenced to serve a prison term of ten years consecutive to a twenty-year sentence imposed by a California court.
 
 
 3
 In support of his motion to vacate sentence, Dinsio alleged misconduct by the trial judge in violation of his right to trial by an impartial tribunal. The matter was first assigned to Hon. David D. Dowd, but then reassigned to Hon. George W. White. Dinsio's motion to return the case to Judge Dowd's docket was denied.
 
 
 4
 The matter was referred to a magistrate who found the allegations of misconduct were not relevant to Dinsio's trial but involved proceedings in a California court against his codefendant, Phillip Christopher. The magistrate recommended that the Sec. 2255 motion be denied. Upon review in light of petitioner's objections, the district court adopted the magistrate's findings and denied the motion to vacate his sentence.
 
 
 5
 On appeal, Dinsio asserts that the bias of the trial judge arises to constitutional error and is the proper basis for relief under Sec. 2255. He further asserts that the district court erred by failing to hold an evidentiary hearing and by refusing his request for reassignment to Judge Dowd.
 
 
 6
 We conclude that the district court properly denied the Sec. 2255 motion to vacate petitioner's sentence. The alleged misconduct addresses matters relevant to the trial of Dinsio's codefendant rather than to Dinsio's trial. Because the codefendants received separate trials, we agree that Dinsio failed to show a constitutional or jurisdictional defect, the complete miscarriage of justice, or the failure to adhere to rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780, 783-84 (1978).
 
 
 7
 Moreover, the district court did not err by failing to grant an evidentiary hearing. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 107 S.Ct. 667 (1986). Finally, the district court did not abuse its discretion by denying Dinsio's motion to reassign his case. See Sinito v. United States, 750 F.2d 512, 515 (6th Cir.1984).
 
 
 8
 Accordingly, the district court's order filed December 16, 1987, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.