928 F.2d 404
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Harold APPLETON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 90-5469, 90-5550.
 United States Court of Appeals, Sixth Circuit.
 March 19, 1991.
 
 M.D.Tenn., Nos. 90-00680, 90-00097; Nixon, J.
 M.D.Tenn.
 AFFIRMED.
 Before KEITH and BOYCE F. MARTIN, JR., Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 James Harold Appleton, a pro se federal prisoner, appeals the district court's denial of his motion filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1988, Appleton pleaded guilty to separate counts of mail fraud, the interstate transportation of stolen goods, and the filing of false tax returns. Pursuant to the guilty plea agreement, the district court sentenced Appleton to five years imprisonment.
 
 
 3
 Appleton filed the present motion to vacate pursuant to 28 U.S.C. Sec. 2255. The motion consisted of over two-hundred and fifty pages of pleadings and attachments. Appleton alleged the following grounds for the motion, some of which had been raised in a prior Sec. 2255 motion: (1) the use of false, erroneous and uncorroborated evidence to arrest, indict, and convict Appleton, (2) illegal bail bond conditions, (3) unlawfully obtained plea agreement, (4) disparity between plea agreement and actual time served, (5) inequitable and inaccurate pre-sentence report, (6) ineffective assistance of counsel, (7) illegal activities by Appleton's former employer, Northern Telecom Inc., and (8) an alleged conspiracy between Northern Telecom Inc., the FBI, the IRS, the U.S. Dep't. of Justice, and other individuals eventually leading to Appleton's arrest. The district court determined that it had ruled on several of these claims in the prior Sec. 2255 motion. The court further determined that the remaining grounds were without merit and dismissed the case. Appleton's timely appeal from this order is filed under Sixth Circuit Case No. 90-5469.
 
 
 4
 Prior to the district court's order, Appleton filed a motion for discovery relating to his Sec. 2255 motion. The motion was mistakenly docketed in his original criminal case. The district court subsequently denied this motion. Appleton's timely appeal from this order is filed under Sixth Circuit Case No. 90-5550.
 
 
 5
 Appleton has also filed a motion for judicial notice of adjudicative facts with this court.
 
 
 6
 Upon review, we affirm the district court's judgment. Appleton has failed to establish the denial of a substantive right or defects in the proceedings which are inconsistent with the rudimentary demands of fair procedure. United States v. Timmreck, 441 U.S. 780, 783-84 (1979). As Appleton's grounds are without merit, the district court properly denied his motion for discovery.
 
 
 7
 Accordingly, we deny Appleton's motion for judicial notice of adjudicative facts and affirm the district court's judgment. Rule 9(b)(5), Rules of the Sixth Circuit.