930 F.2d 918
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eddie L. BERNAL, Sr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-4030.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1991.
 
 1
 Before RYAN and SUHRHEINRICH, Circuit Judges, and ZATKOFF, District Judge.*
 
 ORDER
 
 2
 Eddie L. Bernal, Sr., a federal prisoner, appeals the district court's order denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On April 6, 1987, Bernal pleaded guilty to four charges: (1) mail fraud, (2) sale of unregistered securities, (3) income tax evasion, and (4) conspiracy to evade employment taxes. The charges related to Bernal's involvement with a scheme to attract investments in Taco Ed's, a chain of Mexican restaurants originally established by Bernal and his wife. Bernal and a partner named Barrantine allegedly promised investors a high rate of return when the chain spread across the nation and the sale of securities went public. However, Bernal and Barrantine never registered the promissory notes issued to investors with the Securities and Exchange Commission and allegedly diverted most of the investment money to their personal use. In addition, Bernal allegedly failed to report the income thus generated and to pay employment taxes owed on the operation of his restaurants. Barrantine, who was apparently the instigator of the scheme and originally the principal focus of the government's investigation, died before the investigation was complete and any charges were brought.
 
 
 4
 Bernal was sentenced on July 13, 1987 to five years imprisonment, with parole eligibility after 15 months, on each of the four counts. These sentences were to run consecutively. He was also assessed $121,000 in fines. Bernal's Rule 35 motion, which sought to have the sentences altered to run concurrently, was denied on February 17, 1988.
 
 
 5
 In his Sec. 2255 motion, Bernal raised two grounds for relief: (1) involuntary guilty plea, and (2) ineffective assistance of counsel. In support of his first ground, Bernal argued that at the time he pleaded guilty he did not understand the elements of the charges against him, what the prosecution would have to prove, and the range of sentences. He argued that the trial judge's failure to so inform him was a violation of Fed.R.Crim.P. 11(c). In support of his second ground, Bernal argued that his attorney advised him to sign the plea agreement before he was indicted; that his attorney failed to confer adequately with him; that his attorney repeatedly told him he would only be sentenced to probation; and that his attorney sent him alone to meetings with the U.S. Attorney and with agents of the F.B.I., the S.E.C., and the I.R.S.
 
 
 6
 A magistrate conducted an evidentiary hearing on October 3, 1989 during which Bernal, three of his children, and his two attorneys testified. In his report and recommendation, filed October 3, 1990, the magistrate recommended that Bernal's motion be denied. He found that the attorneys and the trial court had informed Bernal of the maximum sentence for each count and that, although they had failed to inform Bernal that the sentences could be imposed consecutively, that fact did not entitle Bernal to Sec. 2255 relief. Bernal filed timely objections, but the district court overruled them, adopted the magistrate's report and recommendation, and denied relief in an order filed November 1, 1990.
 
 
 7
 On appeal, Bernal continues to argue the merits of his motion, basing his appeal on the fact, as found by the magistrate, that he was not informed by the court or his attorneys that his sentences could be imposed consecutively. While conceding that the case law cited by the magistrate and the district court support their conclusions, he argues for the "better rule" and the effect that his background allegedly had on his ability to understand his sentence. Bernal also argues that it "seems fundamentally unfair" for his trial judge to also be responsible for reviewing the magistrate's recommendations in this proceeding. Bernal is represented by retained counsel in this appeal.
 
 
 8
 We affirm the district court's order because the failure to specifically inform Bernal that his sentences could be imposed consecutively did not result in a "complete miscarriage of justice" or render the proceedings "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784-85 (1979).
 
 
 9
 Further, there is no reversible error in the fact that the same judge who presided over Bernal's plea proceedings and sentencing also reviewed the magistrate's report in the current motion. Bernal does not present any facts that support a finding that the district court was not objective; he merely complains that the procedure seems unfair. Such a general, conclusory assertion is insufficient to justify vacating a legally imposed sentence.
 
 
 10
 Accordingly, the district court's order denying Bernal's motion to vacate his sentence is hereby affirmed for the reasons stated herein and those set forth by the magistrate and the district court. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation