930 F.2d 919
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Omar Dario OCAMPO-BEDOYA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-1388.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1991.
 
 Before BOYCE F. MARTIN, Jr. and RALPH B. GUY, Jr., Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals the district court's order denying his motion to vacate, set aside or correct sentence filed under 28 U.S.C. Sec. 2255. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon review of the record and the briefs, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Omar Ocampo-Bedoya pleaded guilty to a charge of possession of cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Pursuant to a Fed.R.Crim.P. 11 plea agreement, he was sentenced to serve twenty years imprisonment and to pay a fine of $100,000. The judgment was affirmed on appeal. United States v. Ocampo-Bedoya, No. 87-1999 (6th Cir. Aug. 12, 1988) (per curiam).
 
 
 3
 In the present motion to vacate sentence, he alleged (1) that an improper communication by his interpreter at sentencing denied him active participation, (2) that the prosecutor violated the plea agreement by commenting on the severity of the crime, and (3) that he was denied effective assistance of counsel because his counsel assured him he would receive a five to ten year sentence.
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion by denying the motion to set aside sentence as it is clear that Ocampo-Bedoya was not denied a substantive right or the rudimentary demands of fair procedure. Cf. United States v. Timmreck, 441 U.S. 780, 783-84 (1979).
 
 
 5
 To the extent Ocampo-Bedoya challenged his sentence under Fed.R.Crim.P. 35 as one imposed in an illegal manner, his motion was untimely. To the extent he challenged the legality of his sentence under 28 U.S.C. Sec. 2255, his claims lacked merit.
 
 
 6
 Accordingly, the district court's order is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.