51 F.3d 283
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard O. KELLY, Sr., Defendant-Appellant.
 No. 94-56153.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1995.
Decided March 29, 1995.
 
 Before: HUG, SCHROEDER and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard O. Kelly appeals from the denial of his 28 U.S.C. Sec. 2255 motion. He claims he is entitled to an evidentiary hearing on his allegations of ineffective assistance of counsel and prejudicial lack of compliance by the district court with Federal Rule of Criminal Procedure 11(c)(1). This panel has previously affirmed the district court's earlier denial of a motion to withdraw the guilty plea. See United States v. Kelly, No. 93-50132 (9th Cir., filed December 29, 1993).
 
 
 3
 Appellant was originally charged with thirty-three counts of mail and wire fraud and one count of interstate transportation of property taken by fraud. The plea agreement called for a guilty plea to four counts, $2.9 million in restitution, and a government recommendation that Kelly would receive probation on one count. The colloquy during the plea hearing demonstrated that the appellant understood that he could receive up to a twenty-year sentence under the agreement. On January 7, 1993, appellant was sentenced to 117 months, a term slightly under ten years, and ordered to pay an additional $500,000 in restitution. Because he received a pre-guideline sentence, appellant will be eligible for parole consideration before he is required to serve four years of the term.
 
 
 4
 Kelly's ineffectiveness claim stems from a number of allegations. These include alleged misrepresentations by his trial counsel of counsel's relationship with the prosecutor, trial counsel's failure to disclose to Kelly the district judge's post-plea remarks that he would not mete out "rich man's justice," and the district court's comment that it would allow Kelly an opportunity to withdraw his plea. Kelly also contends that his attorney never informed him of the prosecution's comment that Kelly "deserved a 20-25 year sentence," and the prosecution's prediction that Kelly would serve about four and one-half years in prison if he pled guilty and made restitution.
 
 
 5
 The gravamen of appellant's ineffectiveness argument is that he entered into the plea with the understanding that he would receive a "lenient" sentence, and that if his trial counsel had advised him of the matters he now alleges were wrongfully never disclosed, and had not otherwise affirmatively misrepresented certain material facts to him, Kelly would not have pled guilty. The problem with this argument is that Kelly actually received a lenient sentence. There is no evidence in this record that he reasonably understood he might receive a sentence requiring him to spend materially less time in prison than the time he received. The alleged misstatements and non-disclosures by counsel were therefore not material.
 
 
 6
 Appellant's claimed violation of Rule 11(c) could have been maintained on direct appeal, but was not. Appellant retained new counsel for his original appeal and he offers no explanation why the contention was not raised in the original appeal. When a defendant fails to raise such a claim on direct appeal, and brings it instead in a Sec. 2255 motion, the defendant must establish that a violation of Rule 11 was of constitutional or jurisdictional magnitude or resulted in a complete miscarriage of justice. United States v. Timmreck, 441 U.S. 780, 783-84 (1979). Appellant has not met this burden. He acknowledged in open court that he had read the indictment and understood it. He further acknowledged that he had discussed the charges with his lawyer and was familiar with them. Additionally, his attorney stated under penalty of perjury that he had reviewed the knowledge and intent elements of mail and wire fraud with Kelly prior to the change of plea hearing. Although Kelly denies this, there was no constitutional infirmity and no miscarriage of justice. We conclude that the district court properly denied defendant's motion without an evidentiary hearing.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3