112 F.3d 517
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Eugene E'VETT, Defendant-Appellant.
 No. 96-35563.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 4, 1997.
Decided April 23, 1997.
 
 1
 Before: FLETCHER and TASHIMA, Circuit Judges, and SCHWARZER,* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Richard E'Vett was sentenced to 180 months (later reduced to 120 months in a Rule 35 proceeding) following his guilty plea to one count of methamphetamine manufacturing. He brought this motion in the district court under 28 U.S.C. § 2255, seeking to have the district court "correct" his sentence by re-sentencing him with a downward departure to account for the punishment already imposed by a state court civil forfeiture.
 
 
 4
 Regardless of whether E'Vett is correct that United States v. Crook, 9 F.3d 1422 (9th Cir.1993) is no longer good law, he is not entitled to the relief he seeks. Collateral review under § 2255 is broad, but "does not encompass all claimed errors in ... sentencing." Hamilton v. United States, 67 F.3d 761, 764 (9th Cir.1995) (quoting United States v. Addonizio, 442 U.S. 178, 185 (1979)). Because petitioner does not allege that the district court lacked jurisdiction or committed constitutional error, he can only obtain habeas relief if the alleged error "resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure." Id., (quoting United States v. Timmreck, 441 U.S. 780, 783-84 (1979)).
 
 
 5
 There is no indication that E'Vett asked the sentencing court to depart downward on the basis of the forfeiture; he only complains that the court erred by failing to do so on its own. Given the wide and unreviewable discretion afforded sentencing judges in determining whether to depart downward in a particular case, see Koon v. United States, --- U.S. ----, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), it cannot be said that the sentencing court's failure to depart sua sponte "resulted in a complete miscarriage of justice." As a result, the district court could not have given E'Vett the relief he asks in this proceeding. Hamilton, 67 F.3d at 764.
 
 
 6
 The judgment is AFFIRMED.
 
 
 
 *
 Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3