925 F.2d 1465
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harold C. RUDDER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-5632.
 United States Court of Appeals, Sixth Circuit.
 Feb. 11, 1991.
 ORDER
 
 1
 Before BOYCE F. MARTIN, JR. and BOGGS, Circuit Judges, and ROBERT HOLMES BELL, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Harold Rudder appeals the district court's judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. Rudder also filed motions to withdraw his guilty plea, a motion for an evidentiary hearing, appointment of counsel, and a motion for release on bond pending final disposition. The district court denied these in the same judgment. Rudder pled guilty to possessing cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). He received a five year sentence with a four year special parole term, and a $50 special assessment fee.
 
 
 4
 Rudder claimed that his guilty plea was invalid as the court failed to advise him of the consequences of the plea, and that he received ineffective assistance of counsel. The district court denied the motions as meritless. Rudder raises the same arguments on appeal.
 
 
 5
 Upon consideration, we conclude that the district court's judgment should be affirmed as Rudder has failed to demonstrate that his criminal proceedings were inconsistent with the rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780, 783 (1979).
 
 
 6
 The district court properly dismissed Rudder's claim that he was denied effective assistance of counsel and, as a result, his guilty plea was invalid. To establish ineffective assistance of counsel, he must show that counsel's performance was deficient and, but for counsel's errors, he would not have pleaded guilty, but instead would have insisted upon going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 7
 Here, any failure by counsel to inform Rudder of the correct penalty was not prejudicial because the matter was clarified at the plea hearing. The government did not reduce the amount of cocaine possessed by Rudder to eliminate a mandatory minimum sentence; rather, the parties agreed to a five year cap on the sentence. The district court told Rudder he could receive a special parole term of three years or more, and the presentence report specified four years. Nothing in the record provides a basis for Rudder to argue that he would have rejected the plea and gone to trial.
 
 
 8
 Just as the record shows no ineffective assistance of counsel, it also shows that Rudder's plea was knowing and voluntary. See Brady v. United States, 397 U.S. 742, 748 (1970). Therefore, this argument also lacks merit.
 
 
 9
 For these reasons, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation