932 F.2d 969
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ahmed Joseph SALEH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-1557.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1991.
 
 BEFORE KEITH and BOGGS, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ahmed Joseph Saleh, represented by counsel, appeals the district court's judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. Saleh pled guilty to conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. Sec. 841(a)(1) and 846, distributing cocaine in violation of 21 U.S.C. Sec. 841(a)(1), and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(o). He received a $100,000 fine, was ordered to pay $1,221 per month towards the cost of his confinement, and upon release was directed to be placed under a term of the supervised release of four years and ordered to pay $83.33 per month for the costs of supervised release.
 
 
 3
 Saleh claimed that his plea agreement violated Fed.R.Crim.P. Rule 11 because it implied that he could receive a sentence of probation whereas a guideline sentence in a drug case precludes the granting of probation; (2) the plea agreement was misleading in that in setting forth the penalties on each count it did not indicate that count 18 carried a mandatory sentence; (3) the court erred when it failed to determine at the time of the plea hearing that Saleh understood the mandatory minimum penalty provided by law in relation to Counts 18 and 21; (4) there was no factual basis for the entry of judgment of guilty on his plea as to count 18 alleging the attempted distribution of more than 500 grams of cocaine; (5) there was no factual basis in the record for the entry of judgment on his guilty plea as to count 21; (6) the plea agreement violated Fed.R.Crim.P. 11 in that the government extended the agreement not to take a position as to whether the sentences are to run consecutively or concurrently; (7) sentencing was contrary to law as the court failed to state its reasons for imposing the sentence; (8) sentencing was contrary to law in that Saleh was not advised of his right to appeal his sentence; and (9) the court erred in applying the sentencing guidelines ex post facto.
 
 
 4
 The district court dismissed the motion as meritless. See generally United States v. Timmreck, 441 U.S. 780, 785 (1979).
 
 
 5
 On appeal, Saleh argues that the district court erred in accepting the plea agreement and in determining that his guilty pleas were voluntary, knowing, and intelligent; (2) the sentence was contrary to law, and (3) the district court erred in denying the motion to vacate sentence without an oral hearing.
 
 
 6
 Upon consideration, we conclude the district court properly denied Saleh's motion to vacate for the reasons stated in its Memorandum Opinion and Order filed March 12, 1990.
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.