933 F.2d 1009
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul SMITH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-5052.
 United States Court of Appeals, Sixth Circuit.
 May 20, 1991.
 
 Before RALPH B. GUY, Jr. and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Paul Smith, a pro se federal prisoner, appeals the district court's order and judgment dismissing his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On November 14, 1988, Smith pleaded guilty to one count of possession with intent to distribute cocaine base and one count of using a firearm during a drug trafficking transaction. The district court sentenced Smith on July 7, 1989, to five years imprisonment on each count, to be served consecutively, and to four years supervised release. The court also imposed a $100 special assessment. Two pre-sentence motions to withdraw his guilty plea were denied by the district court.
 
 
 3
 Smith raised four grounds for relief in his Sec. 2255 motion: (1) involuntary and unknowing guilty plea, (2) ineffective assistance of counsel, (3) denial of the right to appeal, and (4) violation of Fed.R.Crim.P. 11. His "First Addendum to Motion" consists of a statement and supporting documents tending to show his excellent behavior in prison.
 
 
 4
 The district court found that Smith's first ground was identical to the issue raised in his motions to withdraw his guilty plea and that the transcript clearly shows that the plea was made voluntarily and with a full understanding of the nature of the charge and the consequences of the plea. The district court also found that there was no showing that defense counsel's performance was deficient, that there is no constitutional or statutory right to be advised of a right of appeal following a guilty plea, and that the court determined at the change of plea hearing that there was a factual basis for the guilty plea, thus complying with Rule 11. Consequently, the district court denied Smith's motion to vacate sentence.
 
 
 5
 On appeal, Smith abandons the issues concerning right of appeal and Rule 11, but continues to argue the merits of his remaining grounds for relief. He requests the appointment of counsel and "more" of his transcript at government expense.
 
 
 6
 Upon review, we affirm the district court's judgment because Smith has not established a complete miscarriage of justice or proceedings inconsistent with the rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780, 784 (1979).
 
 
 7
 Because Smith has abandoned his issues concerning denial of his right to appeal and violation of Rule 11, those issues are not reviewable on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 8
 Smith's guilty plea issue is meritless because the transcript of the change of plea hearing shows that his plea was entered voluntarily, knowingly, and intelligently, as determined under the totality of the circumstances. See Brady v. United States, 397 U.S. 742, 749 (1970).
 
 
 9
 Smith's ineffective assistance of counsel claim is also without merit because he has failed to show that his counsel's performance was deficient and that, but for counsel's alleged errors, he would have not pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 10
 Accordingly, Smith's request for counsel and additional portions of his trial court proceedings at government expense are denied. The district court's judgment denying Smith's motion to vacate his sentence is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.