948 F.2d 1289
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William HEWLETT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-5832.
 United States Court of Appeals, Sixth Circuit.
 Nov. 26, 1991.
 
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 William Hewlett, a pro se federal prisoner, appeals the district court's order denying his motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner pleaded guilty to second degree murder and to using a false social security number for which he received a term of sixty years imprisonment with a minimum parole date of twenty years on the murder charge and a concurrent sentence of five years on the false social security number charge.
 
 
 3
 He filed a prior § 2255 motion, contesting the legality of his minimum twenty year parole date. The district court changed his parole eligibility date to ten years.
 
 
 4
 He filed his current § 2255 motion, alleging numerous grounds for relief. He alleged that:
 
 
 5
 (1) his conviction was obtained by an unlawfully induced guilty plea;
 
 
 6
 (2) his conviction was obtained by a coerced confession;
 
 
 7
 (3) the government failed to disclose evidence favorable to him;
 
 
 8
 (4) he received ineffective assistance of counsel from attorneys Smith and Lomonaco;
 
 
 9
 (5) he was subjected to judicial misconduct and abuse of power by the district court judge;
 
 
 10
 (6) he was the victim of overzealous prosecution by the United States government; and,
 
 
 11
 (7) he was the victim of a criminal conspiracy between different parties of the government in violation of his civil rights.
 
 
 12
 In an eighteen page opinion, the district court judge found that there was no need to hold an evidentiary hearing, and denied Hewlett's § 2255 motion as meritless.
 
 
 13
 On appeal, Hewlett essentially reasserts the same grounds for relief. Both parties have filed briefs.
 
 
 14
 We conclude that the district court properly denied Hewlett's motion for the reasons expressed in its opinion dated June 20, 1991 because Hewlett has failed to establish the denial of a substantive right or defects in the proceedings which are inconsistent with the rudimentary demands of fair procedure. United States v. Timmreck, 441 U.S. 780, 783-84 (1979).
 
 
 15
 Although not specifically discussed by the district court, Hewlett filed a prior § 2255 motion and failed to raise any of the claims he now raises in this § 2255 motion. Because Hewlett has failed to show cause and prejudice for his failure to raise these claims in his prior § 2255 motion and none is otherwise apparent from the record, his claims are not reviewable. See McClesky v. Zant, 111 S.Ct. 1454, 1470 (1991).
 
 
 16
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.