815 F.2d 81
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David WILLIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 85-3598.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1987.
 
 Before ENGEL, KRUPANSKY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs submitted by the parties, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant filed a motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255 in the district court in which he alleged primarily that his conviction on two counts of a seven count indictment for distribution of a controlled substance in violation of 21 U.S.C. Sec. 841(a) was improper as it was the product of defective guilty pleas. Upon its review of the record of the proceedings leading up to appellant's entry of the pleas, the district court determined the motion to be without merit and ordered its dismissal pursuant to Rule 4(b), Rules Governing Habeas Corpus Cases Under Section 2255. Appellant subsequently filed this appeal.
 
 
 3
 As his principal argument in support of the motion to vacate sentence, appellant contends that his guilty pleas were not knowingly, intelligently, and voluntarily made due to the district court's failure to comply with the requirements of Rule 11(c)(1), Federal Rules of Criminal Procedure. In particular, appellant maintains that in taking the guilty pleas, the trial judge made erroneous statements as to the minimum and maximum terms of imprisonment that might be imposed and did not explain the mandatory special parole aspect of the sentence. Examination of the transcript of the hearing at which appellant entered the guilty plea, however, indicates that this argument is without merit as the trial judge fully outlined the full range of penalties that might be assessed pursuant to 21 U.S.C. Sec. 841(b)(1)(A), including that of mandatory parole. See also United States v. Timmreck, 441 U.S. 780, 99 S.Ct. 2085 (1979).
 
 
 4
 In addition to the preceding argument, appellant also sought to support his motion to vacate sentence by reference to various other defects of a constitutional nature in his prosecution. As all those events occurred prior to his entry of the guilty pleas, however, they may not serve as independent bases for relief under 28 U.S.C. Sec. 2255, but instead are relevant only to the extent that they might suggest that his counselor's advisement of the guilty pleas in the face of those constitutional abridgements amounted to the ineffective assistance of counsel. Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602 (1973); Campbell v. Marshall, 769 F.2d 314 (6th Cir.1985). When viewed from that perspective, none of appellant's allegations are sufficient to entitle him to relief as examination of the record discloses that he consistently was the recipient of able assistance from his trial counsel. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). Accordingly, the district court did not err in denying the motion to vacate sentence.
 
 
 5
 The questions on which this case depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the district court's final order entered June 20, 1985, be and hereby is affirmed.