902 F.2d 1570
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bill Wayne JAMESON, Defendant-Appellant.
 No. 89-6527.
 United States Court of Appeals, Sixth Circuit.
 May 21, 1990.
 
 1
 Before BOYCE F. MARTIN Jr. and RALPH B. GUY, Jr., Circuit Judges, and HORACE W. GILMORE, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Bill Wayne Jameson moves for release pending appeal and appeals from the district court's order denying his motion to reverse his conviction and dismiss the indictment against him. This motion is construed as a motion to vacate under 28 U.S.C. Sec. 2255. Following a jury trial, Jameson was convicted of conspiring to manufacture methamphetamine in violation of 21 U.S.C. Sec. 846 and aiding and abetting in unlawful manufacture of methamphetamine in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. He was sentenced to twenty years imprisonment on count one and twenty years on count two, to run concurrently.
 
 
 4
 Jameson claimed that his conviction should be reversed and the indictment dismissed because the court lacked subject matter jurisdiction. Specifically, he claimed that, even though he was charged with manufacturing and conspiring to manufacture methamphetamine, the proof at trial was that he manufactured and conspired to manufacture desoxyephedrine, which is not a designated controlled substance.
 
 
 5
 Without specifically stating its reasons, the district court denied the motion. Jameson raises the same arguments on appeal.
 
 
 6
 Upon consideration, we affirm the district court's order as Jameson has failed to demonstrate that his criminal proceedings were inconsistent with the rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780, 783 (1979).
 
 
 7
 Specifically, Jameson's argument that his conviction should be reversed and the indictment dismissed because the district court lacked subject matter jurisdiction is meritless. He claimed that there was no subject matter jurisdiction because, although he was charged with manufacturing and conspiring to manufacture methamphetamine, the proof at trial was that he manufactured and conspired to manufacture desoxyephedrine, which is not a designated controlled substance. Count one of the indictment charged Jameson and his son with conspiring to manufacture methamphetamine in violation of 21 U.S.C. Sec. 846. Count two charged Jameson and his son with aiding and abetting each other in unlawfully manufacturing methamphetamine in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. The proof at trial showed that Jameson manufactured methamphetamine, and conspired to do the same.
 
 
 8
 The pertinent evidence at trial showed that numerous quantities of pure methamphetamine were seized from the location where Jameson was operating. Moreover, a Drug Enforcement Agency chemist testified that the chemicals and equipment at the location were clearly intended for use in making methamphetamine. Therefore, Jameson's argument on this issue is not substantial.
 
 
 9
 Finally, Jameson's argument that 21 C.F.R. Sec. 1308.22 excludes desoxyephedrine as a controlled substance is meritless. That section lists by trade name or designation non-narcotic controlled substances which may, under the Federal Food Drug and Cosmetic Act, be sold lawfully over the counter without a prescription, and which are excluded from all schedules pursuant to Section 201(g)(1) of the Act. Included within the list of non-narcotic drugs sold over the counter is the trade name Vicks Inhaler. A description of the composition of Vicks Inhaler includes desoxyephedrine. Vicks Nasal Inhaler with its specific combination of ingredients is included. However, this does not mean that desoxyephedrine, which is contained in Vicks Nasal Inhaler, is included. See 21 C.F.R. Sec. 1308.21 and Sec. 1308.22.
 
 
 10
 Inasmuch as Jameson's arguments are groundless, his motion for release pending appeal is denied, and the district court's order is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation