923 F.2d 855
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ghassan RAJEH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-3521.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1991.
 
 Before BOYCE F. MARTIN, Jr. and KRUPANSKY, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ghassan Rajeh, a federal prisoner, appeals the district court's denial of his motion to vacate, set aside, or reduce sentence filed pursuant to 28 U.S.C. Sec. 2255. Rajeh entered a guilty plea to a charge of possession with intent to distribute heroin in violation of 21 U.S.C. Secs. 841(a) and 853; he received an eight year sentence and a special assessment of $50.00. He argued in the district court that his plea was not voluntarily entered due to ineffective assistance of counsel.
 
 
 3
 Upon consideration, we conclude that the motion to vacate, set aside or reduce sentence was properly denied as no miscarriage of justice or violation of fair procedure occurred here. See United States v. Timmreck, 441 U.S. 780, 784 (1979). Rajeh has failed to allege facts necessary to support his claim of ineffective assistance of counsel. Particularly, Rajeh failed to demonstrate how the DEA file on informant Sami Mikhail would have contradicted the government's video and audio taped evidence, Rajeh's written confession and his testimony in open court. Similarly, Rajeh failed to show how knowing the informant's true identity would have assisted his defense, especially in light of the fact that he had the opportunity to interview the informant. Thus, Rajeh did not establish that his counsel's performance was deficient or that, but for the alleged errors, he would not have chosen to enter a guilty plea. See Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 4
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.