960 F.2d 149
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary Louise Carter JOHNSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 91-6348, 92-5043.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1992.
 
 1
 Before DAVID A. NELSON and RYAN, Circuit Judges, and FORESTER, District Judge.*
 
 ORDER
 
 2
 In Case No. 91-6348, Mary Louise Carter Johnson, a pro se federal prisoner, appeals the district court's order denying her motion to vacate, correct, or set aside her sentence filed under 28 U.S.C. § 2255. In Case No. 92-5043, Johnson appeals the district court's order denying her motion to supplement the record on appeal. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Johnson was named in a six-count indictment charging conspiracy to possess with intent to distribute dilaudid (count 1), distribution of dilaudid (counts 2-3), and sale of drugs within 1000 yards of a school (counts 4-6). See 21 U.S.C. §§ 841(a)(1), 845a, 846. In February 1989, a jury found Johnson guilty on all counts. She was sentenced to 222 months imprisonment on each of counts 1, 4, 5, and 6, and to 15 years on each of counts 2 and 3. (The offenses comprising counts 2 and 3 occurred before the effective date of the Sentencing Reform Act of 1984.) All sentences were to run concurrently. In addition, Johnson was sentenced to 6 years supervised release, a 3-year special parole term, and a $200 special assessment. A panel of this court affirmed Johnson's conviction and sentence on direct appeal. See United States v. Johnson, No. 89-5609 (6th Cir. March 5, 1990) (per curiam).
 
 
 4
 Johnson raised twelve issues in her motion to vacate: (1) the federal government did not have jurisdiction to try her in federal court; (2) her offense level was erroneously calculated; (3) the method of offense level calculation violated due process; (4) her federal indictment on counts 2 and 3 following earlier state charges based on the same acts was barred by double jeopardy, collateral estoppel, and dual sovereignty; (5) she should have been sentenced according to state law, pursuant to the Assimilative Crimes Act; (6) she was shown her pre-sentence investigation report only one hour before sentencing; (7) the trial judge should have recused himself; (8) the prosecutor committed misconduct; (9) an assessment fee should not have been imposed for offenses committed before November 18, 1988; (10) defense counsel rendered ineffective assistance; (11) the trial judge erroneously allowed a government witness to remain in the courtroom throughout the trial; and (12) her mother should not have been charged, there was insufficient evidence to convict of conspiracy, and she should have been sentenced under pre-sentencing guidelines law.
 
 
 5
 The district court consolidated Johnson's claims into six issues, found all of these issues to be meritless, and denied the motion to vacate in an order filed October 30, 1991. Johnson timely appealed this order and submitted to the district court a motion to supplement the record on appeal with the grand jury minutes. The district court denied this motion in an order filed December 2, 1991.
 
 
 6
 On appeal, Johnson continues to argue the merits of her grounds for relief except for the claims regarding her mother's indictment, insufficient evidence, and sentencing under pre-guidelines law raised in issue 12 as numbered in the motion to vacate. She raises the new claims that the district court erred in imposing a sentence without possibility of parole, and in sentencing her to concurrent prison terms for conspiracy and the substantive acts. In addition, she asserts that the district court erred by not addressing the issues set forth in her motion and by not holding an evidentiary hearing.
 
 
 7
 Upon review, we affirm the district court's order denying Johnson's motion to vacate because Johnson has not established a complete miscarriage of justice or proceedings inconsistent with the rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780, 784 (1979); Davis v. United States, 417 U.S. 333, 346 (1974).
 
 
 8
 Because Johnson did not appeal the issues of the indictment of her mother, insufficient evidence to convict, and sentencing under pre-guidelines law for those acts committed before the effective date of the guidelines, those issues are considered abandoned and are not reviewable on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 9
 Johnson's new issues regarding sentencing without parole and concurrent sentences for conspiracy and the substantive acts were not first presented to the district court. Because no exceptional circumstances are present, they are not addressed on appeal. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 10
 The district court did not err in consolidating and restating the issues raised by Johnson. A number of the issues as she stated them are clearly duplicative and others were logically grouped by the court for ease of discussion. A careful reading of the district court's opinion and order shows that it did address all of the issues raised by Johnson except for the question of whether the trial judge erred by allowing a government witness to remain in the courtroom after Fed.R.Evid. 615 was invoked. However, that issue is clearly meritless and remand is unnecessary.
 
 
 11
 Because the motion and record clearly establish that Johnson is not entitled to relief, no evidentiary hearing was necessary. See 28 U.S.C. § 2255; Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 12
 We also find that the district court did not abuse its discretion in denying Johnson's motion to supplement the record with the grand jury minutes. The district court stated that it did not consider the grand jury minutes in denying Johnson's motion to vacate. Moreover, Johnson does not identify which parts of the grand jury minutes are relevant to her issues on appeal, and how they are relevant. Any relevancy is not readily apparent from the record and briefs.
 
 
 13
 Accordingly, the district court's order denying Johnson's motion to vacate and the district court's order denying her motion to supplement the record are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Karl S. Forester, U.S. District Judge for the Eastern District of Kentucky, sitting by designation