972 F.2d 351
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Brian FERGUSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 90-3192, 90-3193.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 22, 1992.*
Decided July 28, 1992.
 
 Before EASTERBROOK, and KANNE, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 Order
 
 1
 Brian Ferguson appeals the district court's denial of his second motion for relief under § 2255. His motion challenges the validity of his guilty plea. We affirm.
 
 
 2
 On July 15, 1987, Ferguson pleaded guilty to aiding and abetting the commission of an armed robbery and bank larceny. He was sentenced to 20 years' imprisonment and did not appeal. His first § 2255 motion was unsuccessful, and his appeal was dismissed as untimely. Now he has filed another § 2255 motion, making the same arguments that failed the first time. Amazingly, the prosecutor has not invoked the doctrine of abuse of the writ, which is therefore lost. McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991). There are other obstacles--not least among them that violations of Rule 11 do not justify collateral review just because noncompliance would lead to reversal on direct appeal. United States v. Timmreck, 441 U.S. 780 (1979). The prosecutor seems oblivious to this point, too. Nonetheless, Ferguson loses on still another ground.
 
 
 3
 A petitioner who does not pursue a claim on direct appeal is barred from raising that claim in a subsequent § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice. United States v. Frady, 456 U.S. 152, 168 (1982). Because Ferguson failed to raise his claims on direct appeal and has not even attempted to demonstrate cause and prejudice for this default, they are forfeited. The decision of the district court denying his petition is
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeals are submitted for decision on the briefs and record