996 F.2d 1219
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jay J. HASHBARGER, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 92-2552.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 26, 1993.*
Decided June 25, 1993.
Rehearing and Suggestion for Rehearing In Banc
Denied Aug. 12, 1993.
 
 Before CUMMINGS, COFFEY AND RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Jay Hashbarger pleaded guilty in March 1986, to one count of conspiring to distribute marijuana and one count of failing to file a tax return. A judge sentenced him to ten years' imprisonment to be followed by five years' probation. As a special term of probation the judge ordered that Hashbarger "bring current any tax liability he might have to the United States and maintain his tax liability with the United States in current status." Hashbarger never objected to any terms of this sentence. About four months later, the court, on Hashbarger's motion, amended Hashbarger's sentence to give the Parole Commission the discretion to release him before he had completed the sentence initially imposed. Hashbarger, now released from prison and serving his term of probation, filed a motion to correct or alter his sentence under 28 U.S.C. § 2255, which the court denied. He now appeals that ruling.
 
 
 2
 Hashbarger claims that the sentencing court erred 1) by not telling him during the plea colloquy that the special condition of probation could be part of his sentence, 2) by failing to make findings regarding portions of the presentence report that Hashbarger disputed, and 3) by not holding a hearing to determine the proper amount of his tax liability. Hashbarger claims that these errors violated his right under the Fifth Amendment to "due process of law."
 
 
 3
 Hashbarger's first claim suffers from procedural defects. Hashbarger never objected to the condition of probation at the sentencing, never directly appealed his sentence after the initial sentencing determination, and never appealed after the court amended the initial sentence. Hashbarger did move under Rule 35 for the court to reduce his sentence, but he did not raise in that motion any objection to the condition of probation. Hashbarger's failure to appeal his sentence prevents us from reviewing his motion under section 2255 unless he can show cause for failing to appeal and prejudice from that failure. United States v. Frady, 456 U.S. 152, 167 (1982). In the district court (R. at 130, 82) and again on appeal the government argued that because Hashbarger did not directly appeal his sentence he should not be allowed to file a motion under section 2255 as a substitute for appeal. In his reply brief before this court Hashbarger argued that he was so wrapped up in contesting his sentence that he overlooked the possibility of challenging his probation. Usually, arguments reserved for the reply brief are waived for our consideration, Bobo v. Kolb, 969 F.2d 391, 400 (7th Cir.1992), but, because Hashbarger's claim of cause would be insufficient even if timely, we hold that Hashbarger has failed to satisfy Frady 's threshold requirements for bringing a claim under section 2255.
 
 
 4
 Hashbarger also failed to challenge the information in the presentence report at his sentencing hearing or on direct appeal. He did raise these challenges in his Rule 35 Motion. At that time the court made clear that the challenges raised were irrelevant because the court did not rely on any of the challenged information when it sentenced Hashbarger. (R. at 88) Because this information, whether correct or not, did not affect the sentencing decision, it will not support a claim that the court violated the constitution. United States v. Timmreck, 441 U.S. 780, 783 (1979).
 
 
 5
 Hashbarger's final claim suffers from the same defects as his first two claims. He never raised this claim in his prior proceedings, and he now fails to show how the court violated the Constitution by failing to hold a hearing on the amount of back taxes he owes. The district court properly denied Hashbarger's motion under 28 U.S.C. § 2255.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs