23 F.3d 409
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Robert Jewell WILLIAMS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-1441.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1994.
 
 Before: NELSON and NORRIS, Circuit Judges; and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Robert Jewell Williams appeals pro se the denial of his motion to vacate his eight-year sentence filed under 28 U.S.C. Sec. 2255. We AFFIRM.[1]
 
 I.
 
 2
 Williams schemed to fraudulently obtain refunds for "lost" travelers checks issued by the Bank of America. He called the bank's customer services department and presented identification numbers of travelers checks, which he neither owned nor had lost, and requested refunds on at least three separate occasions in October and November 1987. Defendant was charged on 1 December 1987 in a nine-count indictment for wire fraud (18 U.S.C. Sec. 1343). Three of the counts were pre-Guidelines and the remainder were post-Guidelines.
 
 
 3
 Under Fed.R.Crim.P. 11, Williams entered a guilty plea to two pre-Guidelines counts on 29 December 1987. The government had agreed to drop the remaining counts if Williams pled guilty to any two counts. He claims he pled guilty to those two pre-Guidelines counts because his attorney incorrectly and carelessly, based only on information received from the prosecution, advised him that a guilty plea to those offenses would result in a less severe sentence than a guilty plea to two counts alleging offenses occurring after the Guidelines were effective. Williams received a sentence of four years on each count to run consecutively.[2]
 
 
 4
 Further, as an additional basis for relief under Sec. 2255, Williams contends that the government did not comply with its obligation under the Rule 11 agreement to request, at his sentencing by another district judge for violation of terms of his probation imposed for an earlier crime, that the court recommend that Williams be sent to a prison offering a drug treatment program.
 
 
 5
 The government contended below that Williams was not entitled to relief under Sec. 2255 under either of his theories. With respect to Williams' reliance on the alleged impropriety of his attorney's advice to plead guilty to two pre-Guidelines counts, the magistrate concluded (with which the district court agreed and we agree) that it could not be concluded that Williams would serve more time for having pleaded guilty to two pre-Guidelines counts than he would serve if he had pleaded guilty to two post-Guidelines counts. The magistrate further concluded, with which the district court agreed and we agree, that the failure of the government to request of the district judge a recommendation to the Bureau of Prisons that he be sent to a prison that had a drug treatment program, at Williams' sentencing for probation violation in another district court, was not a basis for relief in the instant case.
 
 II.
 
 6
 At the outset, we must make clear precisely the basis of Williams' first claim for relief under Sec. 2255 and the nature of the relief sought. His pro se complaint, at least at one point, seems to suggest that his counsel failed him in recommending that he enter any guilty plea. If this were Williams' contention and he should succeed, his relief, of course, would be to allow him to withdraw his guilty plea and go to trial on all counts. We do not believe that Williams intended to make this contention. A careful reading of his complaint makes reasonably clear that Williams voluntarily agreed, pursuant to the Rule 11 agreement, to the entry of a guilty plea to two counts and that, because of his counsel's incorrect and careless advice,[3] he pleaded guilty to two pre-Guidelines counts when he should have pleaded guilty to two post-Guidelines counts. This is the only specific allegation in the complaint that Williams' counsel failed to adequately represent him. If Williams were to succeed on this theory, the relief would be to allow him to withdraw his guilty plea to the two pre-Guidelines counts and to plead guilty to two post-Guidelines counts.
 
 
 7
 Under Strickland v. Washington, 466 U.S. 668 (1984), and Hill v. Lockhart, 474 U.S. 52 (1985), in order to prevail under Sec. 2255, Williams must not only show that his counsel's recommendation that he plead guilty to the pre-Guidelines counts fell below an objective standard of reasonableness but also he must show that he was prejudiced by the alleged error. We conclude, as did the magistrate and district judge, that not only can we not find that the advice given by Williams' attorney was actually erroneous but also we cannot find that he was prejudiced by the advice. As the magistrate pointed out, the sentencing guidelines would likely have required a more severe sentence and, in any event, under his pre-Guidelines sentence Williams could be paroled after serving a third of his sentence and even earlier with the benefit of "good time." On the other hand, under the Guidelines, there is no parole and no "good time"; he could only be credited with 54 days a year for satisfactory behavior. 18 U.S.C. Sec. 3624(b).
 
 
 8
 We therefore conclude that Williams is not entitled to Sec. 2255 relief on the theory that he was prejudiced by inadequate representation.
 
 III.
 
 9
 Williams also contends that his guilty plea pursuant to the Rule 11 agreement should be set aside because the government failed to carry out an obligation under the agreement. In the agreement the government promised to move, at Williams' sentencing for probation violation before another district judge in the district, that the court recommend to the Bureau of Prisons that Williams be incarcerated in a prison that offered drug treatment. This part of the Rule 11 agreement recognized that, even if there were such a recommendation, it was within the discretion of the Bureau to comply with it. The government did not so move at the sentencing in the other district court and the sentencing did not contain such a recommendation. Williams apparently seeks to have his guilty pleas set aside and to plead over.
 
 
 10
 We conclude that this claim must be denied under United States v. Timmreck, 441 U.S. 780 (1979). In Timmreck, the district court accepted a guilty plea without explaining to defendant that a mandatory special parole term of at least three years must be imposed. At the sentencing, the court imposed a ten-year sentence and a five-year special parole term. In accordance with the plea bargain, other charges were dismissed. Later, the defendant moved to vacate under 28 U.S.C. Sec. 2255 on the ground that Rule 11 had been violated because the district court had not explained the mandatory special parole term when the guilty plea was accepted. The district court denied relief, this court reversed (577 F.2d 372), and the Supreme Court reversed this court.
 
 
 11
 The Court pointed out that the violation of Rule 11 was neither constitutional nor jurisdictional. Nor did the error result in a "complete miscarriage of justice" or in a proceeding "inconsistent with the demands of fair procedure."
 
 
 12
 Because the failure of the government to move the district court to recommend to the Bureau that Williams be incarcerated at an institution that had a drug program did not result in miscarriage of justice or otherwise meet the requirement for relief under Sec. 2255 set out in Timmreck, we must deny relief here. After all, the district court may not have exercised its discretion to make the recommendation and, even if it had, the Bureau may not have exercised its discretion to comply with the recommendation.
 
 IV.
 
 13
 The judgment of the district court, therefore, is AFFIRMED.
 
 
 
 [1]
 Following his guilty plea and sentence in the instant case, William made two prior appeals to this court, both to no avail. No. 88-1256 (1989) and No. 89-2075 (1991)
 
 
 [2]
 Under the Rule 11 agreement, the district court could have ordered concurrent sentences
 
 
 [3]
 In support of his complaint, Williams filed an affidavit executed by his counsel stating that counsel gave this "incorrect" advice based only on information received from the prosecution. Williams alleges that his post-Guidelines sentence would have been "six to twelve months" in spite of the fact that he had violated probation imposed for a prior offense. Williams does not explain how he arrived at the conclusion that his sentence would have been "six to twelve months"