# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 1, 2016

152562

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

                                           SC: 152562
                                           COA: 316467
                                           Wayne CC: 08-009312-FC

DAVID ROARK,
      Defendant-Appellee.

_____/

On order of the Court, the application for leave to appeal the October 20, 2015 judgment of the Court of Appeals is considered. We direct the Clerk to schedule oral argument on whether to grant the application or take other action. MCR 7.305(H)(1). The parties shall file supplemental briefs within 42 days of the date of this order addressing the following issues: (1) whether the defendant was accurately advised of the direct consequences of his guilty plea, including lifetime electronic monitoring; (2) whether the defendant has demonstrated actual prejudice pursuant to MCR 6.508(D)(3)(b); and in particular, (3) whether the defendant must demonstrate that he would not have pleaded guilty if he had known about the lifetime electronic monitoring requirement. See, e.g., *United States v Timmreck*, 441 US 780, 783-784; 99 S Ct 2085; 60 L Ed 2d 634 (1979) (holding that a conviction based on a guilty plea is not subject to collateral attack when all that can be shown is a formal violation of Rule 11); *Williams v Smith*, 591 F 2d 169 (CA 2, 1979) (recognizing that the test applied by the Second Circuit for determining the constitutional validity of a state court guilty plea that was based on inaccurate sentencing information is whether the defendant was aware of actual sentencing possibilities, and, if not, whether accurate information would have made any difference in his decision to enter a plea). The parties should not submit mere restatements of their application papers.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 1, 2016



Clerk

p0329