972 F.2d 347
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank James KRANE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-3242.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1992.
 
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Frank Krane appeals the district court's judgment dismissing his 28 U.S.C. § 2255 motion to vacate sentence. Krane pled guilty to four counts of mail fraud and received five years imprisonment on each of the four counts. The sentences were suspended, and Krane was placed on five years probation for each count, to run concurrently. He was fined $10,000, ordered to pay $31,300 restitution to the victims named in the four counts, and ordered to pay the mandatory $200 special assessment fee. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Krane raised the following grounds for relief:
 
 
 3
 1. Conviction obtained by plea of guilty, which was unlawfully induced or not made voluntarily or with the understanding of the nature of the charge or the consequences of the plea;
 
 
 4
 2. Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant and the grand jury evidence favorable to the defendant;
 
 
 5
 3. Conviction obtained by the use of false testimony given to and acknowledged by the FBI to obtain an illegal arrest warrant, search warrant, grand jury subpoena, and prosecutor withholding evidence from the defendant and the grand jury;
 
 
 6
 4. Conviction obtained by failure of the government to investigate criminal acts committed by the government's key witnesses; and
 
 
 7
 5. Conviction obtained by prejudicial publicity preventing fair trial at the time the defendant was scheduled to be tried and by the prosecution offering false, fabricated and/or inadmissible evidence.
 
 
 8
 Upon review of the magistrate judge's report and recommendation, the district court directed the parties to brief the issue of whether Krane's guilty plea conformed to Fed.R.Crim.P. 11 requirements and whether any errors in the process of taking the guilty plea could be revisited in habeas corpus proceedings. Subsequently, the court dismissed the motion. The court decided that the sentencing judge had complied with Fed.R.Crim.P. 11 and that there was no basis for collaterally attacking the plea. See United States v. Timmreck, 441 U.S. 780 (1979); Hill v. United States, 368 U.S. 424 (1962).
 
 
 9
 Krane raises the same arguments on appeal, and claims that an evidentiary hearing was necessary.
 
 
 10
 Upon review, we conclude that the district court correctly denied the motion. Accordingly, for the reasons stated in the memorandum opinion filed February 26, 1992, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.