979 F.2d 854
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, Plaintiff-Appellee,
v.
Frances CABRERA, Defendant-Appellant
 No. 91-16738.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1992.
Decided Nov. 18, 1992.
 
 Before JAMES R. BROWNING, WILLIAM A. NORRIS and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Cabrera claims that the trial court's designation of her plea as an Alford plea was incorrect because she never pleaded guilty. She also claims that the trial court violated her due process rights by denying her post-sentencing motion to withdraw her guilty plea and set aside the conviction.
 
 
 3
 Cabrera and the government entered into a plea bargain in which she agreed not to contest, through the use of an Alford plea, one charge of failure to make a required disposition of funds received. In return, the government agreed to drop other charges against her, and not to make any recommendation on incarceration. The trial court questioned Cabrera to determine whether she understood the plea. The court found that she did, stating: "I find that your Alford plea is voluntary, made with the full knowledge in the meaning of its effect." TR at 27. The court accepted the plea and sentenced Cabrera to six years in jail (with two years suspended), fined her $10,000, and ordered her to make restitution.
 
 
 4
 Cabrera then filed a motion in the Superior Court to set aside her conviction and withdraw her plea on the ground that she had not in fact pleaded guilty. The court denied the motion and she appealed to the CNMI Supreme Court, which held that Cabrera had in fact voluntarily pleaded guilty while protesting her innocence. See Opinion of CNMI Supreme Court at 6, reprinted in ER at 12. The Supreme Court also held that "the trial court did not abuse its discretion in denying Cabrera's motion to vacate her conviction and in not permitting her to withdraw her Alford plea." Opinion of CNMI Supreme Court at 8, reprinted in ER at 14. She now appeals this decision. We affirm.
 
 
 5
 * We review de novo whether a guilty plea was voluntarily entered. United States v. Zweber, 913 F.2d 705, 710 (9th Cir.1990).
 
 
 6
 In North Carolina v. Alford, 400 U.S. 25 (1970), the Supreme Court held that courts may constitutionally accept guilty pleas from defendants who simultaneously protest their innocence. Cabrera argues that she did not in fact make such a plea. To be constitutionally valid, a guilty plea must be entered voluntarily and intelligently. Alford, 400 U.S. at 31.
 
 
 7
 There is no evidence whatsoever of coercion in the plea. The court asked Cabrera if her plea was voluntarily made and she answered that it was. TR at 24.
 
 
 8
 The record also shows that her plea was intelligently made. The following colloquy demonstrates that Cabrera understood the nature of the plea she was making.
 
 
 9
 CABRERA: My understanding of an Alford plea is I just don't want to contest it any more.
 
 
 10
 COURT: Yes, but I must go over what the effect of your Alford plea--you must understand--
 
 
 11
 CABERA: I am not admitting guilt.
 
 
 12
 COURT: You will be--
 
 
 13
 CABRERA: I am entering the Alford plea. I just don't ... I just ...
 
 
 14
 COURT: You must understand, the Court must be sure that you understand what the effect of an Alford plea is.
 
 
 15
 CABRERA: Yes, I do. I understand.
 
 
 16
 COURT: You understand that you have the legal right to enter a plea of not guilty even though you may feel otherwise?
 
 
 17
 CABRERA: Yes.
 
 
 18
 COURT: Do you understand that? And you must leave it up to the prosecution, the government, to prove beyond a reasonable doubt. Do you understand that?
 
 
 19
 CABRERA: Yes.
 
 
 20
 COURT: That's their obligation.
 
 
 21
 CABRERA: Yes.
 
 
 22
 COURT: You have a right to a speedy and a public trial. However, if you enter a plea of Alford and you are found guilty, you waive and you must give up your right to a trial. Do you understand that?
 
 
 23
 CABRERA: I understand that.
 
 
 24
 COURT: There will be no trial.
 
 
 25
 CABRERA: I understand that.
 
 
 26
 COURT: There will be no witnesses or any other evidence, and on the plea alone, the Court can and will pronounce sentence upon you. Do you understand that?
 
 
 27
 CABRERA: I understand.
 
 
 28
 Transcript at 15-16. While it is true that Cabrera never said "I plead guilty," it is clear that she understood that the Alford plea served as a substitute for such a statement. She understood that upon her plea she would be convicted of the crime charged without a trial.
 
 
 29
 Courts should not accept Alford pleas without inquiring into the factual basis of the plea. See Alford, 400 U.S. at 37, 38. CNMI rules also require this. See CNMI Com.R.Crim.P. 11(f) (court should not enter judgment upon guilty plea "without making such inquiry as shall satisfy it that there is a factual basis for the plea"). By inquiring into the factual basis for the plea, TR at 6-12, and going over each of the factual elements of the crime with the defendant, TR at 20-22, the trial court met the independent inquiry requirement.
 
 
 30
 We hold that Cabrera's Alford plea was voluntarily and intelligently entered.
 
 II
 
 31
 Cabrera also claims that the trial court denied her due process by rejecting her post-sentencing motion to withdraw her guilty plea and to vacate her sentence. We allow a post-sentencing withdrawal of a guilty plea when there has been a "complete miscarriage of justice" or a proceeding "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979); see also 8A Moore's Federal Practice 32.09 (2nd ed. 1992).
 
 
 32
 In this case, the only possible basis for withdrawing the guilty plea and vacating the conviction might be that Cabrera's Alford plea was not voluntarily or intelligently made. However, since we have already ruled that the plea was voluntarily and intelligently made, there is no basis for withdrawing the plea or vacating the conviction.
 
 
 33
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3