53 F.3d 329
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bascom O'QUINN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronnie Dale BLEVINS, Defendant-Appellant.
 Nos. 94-6950, 94-6955.
 United States Court of Appeals, Fourth Circuit.
 Submitted: February 28, 1995.
Decided: May 1, 1995.
 
 Before MURNAGHAN and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Bascom O'Quinn and Ronnie Dale Blevins pled guilty to aiding and abetting the manufacture of marijuana. The sentencing court imposed on each the mandatory minimum sentence of sixty months imprisonment and four years of supervised release. The court ordered them to pay, as a condition of their supervision, the costs of their supervised release in monthly installments of $115.30, up to a total of $5534.40. The order explicitly stated that the condition was not a fine.
 
 
 2
 O'Quinn and Blevins filed separate 28 U.S.C. Sec. 2255 (1988) motions claiming that the court's judgment ordering them to make monthly payments as a condition of their supervised release was based on an invalid United States Sentencing Guideline section that is not statutorily authorized. United States Sentencing Commission, Guidelines Manual, Sec. 5E1.2(i) (Nov.1991). They further alleged that the imposition of costs is illegal because the court imposed the costs without making specific findings as to their ability to pay pursuant to 18 U.S.C.A. Sec. 3572 (West Supp.1994). The district court denied O'Quinn's and Blevins's Sec. 2255 motion.[1] O'Quinn's and Blevins's judgments clearly state that the imposition of costs was not imposed as a fine, but was a condition of supervised release pursuant to the court's broad direction under 18 U.S.C.A. Sec. 3583(d) (West Supp.1994). Therefore, U.S.S.G. Sec. 5E1.2(i) and 18 U.S.C.A. Sec. 3572,[2] which relate to the imposition of fines, are inapplicable to their judgments.[3] Considering the facts in O'Quinn's and Blevins's cases, the imposition of costs of their supervised release as a condition of that release satisfies the requirements of Sec. 3583(d) because the imposition is clearly related to several of the Sec. 3553 purposes and is no more restrictive than necessary to accomplish them.[4]
 
 
 3
 It is not clear whether the district court was required to make factual findings as to O'Quinn's and Blevin's ability to pay to support the imposition of the costs of supervised release as a condition of that release. However, neither O'Quinn nor Blevins directly appealed his sentence. A nonconstitutional error does not provide a basis for a col lateral attack unless it involves a "fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979); see United States v. Timmreck, 441 U.S. 780 (1979); United States v. Morrow, 914 F.2d 608 (4th Cir.1990) (nonconstitutional error is cognizable if error results in complete miscarriage of justice or is inconsistent with rudimentary demands of fair procedure). We find that the error here, if any, was not of constitutional dimension and did not rise to the level of a defect which inherently resulted in a complete miscarriage of justice. Consequently, even if the district court should have made findings of fact to support the assessment of costs under Sec. 3583(d), Appellants' failures to raise this claim at sentencing or on direct appeal are fatal.
 
 
 4
 Therefore, we affirm the district court's orders denying O'Quinn and Blevins Sec. 2255 relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 O'Quinn and Blevins also contend that their plea agreements specifically agreed to the absence of fine, yet the court imposed the costs of supervised release as a condition of that release. Each of their judgments explicitly state that the imposition of costs of supervised release is not a fine. Further, the plea agreement expressly stated that the court could accept, reject, or modify the recommended sentence. Thus, this claim lacks merit
 
 
 [2]
 This section sets forth the factors, in addition to the factors set forth in 18 U.S.C. Sec. 3553(a) (West 1985 & Supp.1994), that a court should consider in determining whether to impose a fine, the amount, the time for payment, and the method of payment
 
 
 [3]
 Consequently, we need not decide, as Appellants urge, whether U.S.S.G. Sec. 5E1.2(i) is constitutional. Compare United States v. Spiropoulous, 976 F.2d 155 (3d Cir.1992) (holding that costs of imprisonment may not be assessed under Sec. 5E1.2 due to lack of statutory authorization), with United States v. Turner, 998 F.2d 534 (7th Cir.) (sentencing Commission has statutory authority to assess costs under Sec. 5E1.2), cert. denied, 62 U.S.L.W. 3409 (U.S.1993)
 
 
 [4]
 If O'Quinn or Blevins cannot make the monthly installments when they are on supervised release, the condition would be more restrictive than necessary to effectuate the purposes of sentencing. See 18 U.S.C.A. Sec. 3583(d)(2). Upon proof of such a situation, however, the sentencing court has broad authority to modify the condition of supervised release by reducing the amount due or even by obviating the condition. 18 U.S.C. Sec. 3583(e)(1) (1988)