**UNITED STATES COURT OF APPEALS**

**August 4, 2008**

**TENTH CIRCUIT**

JAMES RUSSELL MARS,

        Petitioner - Appellant,

v.

WALTER DINWIDDIE, Warden,

        Respondent - Appellee.

No. 08-6062
(W.D. Oklahoma)
(D.C. No. 5:07-CV-00854-M)

**ORDER**

Before **HENRY**, Chief Judge, **ANDERSON**, and **BALDOCK**, Circuit Judges.

James Russell Mars, a state prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his Writ of Habeas Corpus petition pursuant to 28 U.S.C. § 2254, challenging his conviction on various federal constitutional grounds. He has also filed a motion to proceed in forma pauperis ("IFP"). For substantially the same reasons as the district court, we deny the application for COA, deny the motion to proceed IFP, and dismiss the matter.

## I. BACKGROUND

Mr. Mars is in the custody of the State of Oklahoma, having been sentenced to 20 years' imprisonment for Assault and Battery with Intent to Kill. He

appealed his conviction to the Oklahoma Court of Criminal Appeals ("OCCA"), which affirmed the conviction. Mr. Mars then filed an application for state post-conviction relief, which was denied by the state district court. He appealed this denial to the OCCA, which affirmed. On July 31, 2007, he filed this action seeking federal habeas corpus relief under § 2254.

Mr. Mars argues that he is entitled to habeas relief on four federal constitutional grounds: (1) the evidence was insufficient to sustain the conviction, in violation of his Due Process rights; (2) the prosecutor engaged in prosecutorial misconduct, in violation of his right to a fair trial; (3) trial counsel rendered ineffective assistance; and (4) appellate counsel rendered ineffective assistance by declining to argue ineffective assistance of trial counsel. A magistrate judge prepared a report and recommendation, which was adopted by the district court, denying Mr. Mars relief on all four claims. Mr. Mars timely appealed, and filed an application for a COA, a brief supporting that application, and a motion to proceed IFP.

## II. DISCUSSION

Mr. Mars must obtain a COA in order to challenge the district court's dismissal of his habeas petition. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). In order to obtain a COA, Mr. Mars must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing by demonstrating that "reasonable jurists could debate whether (or, for

2

that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Id.* at 338. Because Mr. Mars proceeds pro se, we construe his pleadings liberally. *Cannon v. Mullin*, 383 F.3d 1152, 1160 (10th Cir. 2004).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), we may grant Mr. Mars habeas only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Therefore, "we first ask whether the principle of federal law invoked by the petitioner was clearly established by the Supreme Court at the time of the state court judgment." *Turrentine v. Mullin*, 390 F.3d 1181, 1189 (10th Cir. 2004). We may also grant habeas relief if the state court's decision was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2). The factual findings of the state court are presumed to be correct and Mr. Mars bears the burden of rebutting this presumption with clear and convincing evidence. *House v. Hatch*, 527 F.3d 1010, 1019 (10th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Even if the state court decision was contrary to

3

or an unreasonable application of clearly established federal law, the court must apply the harmless error standard. *Turrentine*, 390 F.3d at 1189. That is, "habeas relief is not proper unless the error had a 'substantial and injurious effect or influence in determining the jury's verdict.'" *Id.* (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

## A. Sufficiency of the Evidence

The clearly established federal law regarding the sufficiency of the evidence claims requires us to determine, "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). The question of the sufficiency of the evidence to support a conviction is a mixed question of law and fact, thus we must employ the deference required both by § 2254(d)(1) and (d)(2).

In accordance with Okla. Stat. tit. 21, § 652(C), the following instruction was given to the jury:

> No person may be convicted of Assault and Battery with Intent to Kill unless the State has proven beyond a reasonable doubt each element of the crime. Those elements are:
>
> First,       an assault and battery;
>
> Second,    upon another person;
>
> Third,      with force likely to produce death;
>
> Fourth,     with the intent to cause or belief that it would cause death.

4

State Ct. Rec., at 177 (citing Oklahoma Uniform Jury Instruction – Criminal 4-7). Although in his application for COA, Mr. Mars argues that "[t]he State failed to meet each and every element required to obtain a legal conviction," App. for COA, at 6, in his brief supporting his application, he argues more specifically, as he did below, that the State failed to prove the third and fourth elements – that he acted with force likely to produce death, and that he intended to cause or believed his actions would cause death. Aplt's Br. at 7.

Mr. Mars, in a confrontation with his girlfriend, Stephanie Murray, over her whereabouts the previous evening, caused Ms. Murray injuries requiring fifteen staples in the back of her head, and also causing her other lacerations, a ruptured eardrum, and bruising on multiple parts of her body. Ms. Murray testified that Mr. Mars verbally threatened to kill her during the course of this altercation. Tr. Vol. I, at 30-31. Mr. Mars argues that Ms. Murray's testimony alone is not sufficient, because, among other things, "[d]espite all the problems, he loved her, this can be proven by the fact that Mr. Mars was waiting for Ms. Murray to come back home." Aplt's Br. at 13-14.

For substantially the same reasons as the district court, we reject Mr. Mars's claim that the evidence was insufficient to support his conviction. Ms. Murray's testimony could support a finding that Mr. Mars acted with force likely to produce to death and that he intended or believed his actions could result in her death. Further, other testimony (from, for instance, the neighbor who drove Ms.

5

Murray to the hospital) combined with the medical treatment Ms. Murray received, viewed in the light most favorable to the prosecution, could support a finding by a rational trier of fact that the State had proved all four elements of Assault and Battery with Intent to Kill. Therefore, we agree with the district court that the OCCA's denial, on direct appeal, of Mr. Mars's sufficiency of the evidence claim was not contrary to or an unreasonable application of *Jackson v. Virginia.*

## B.    Prosecutorial Misconduct

The clearly established federal law regarding prosecutorial misconduct requires us to determine whether "the prosecutor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (internal quotation marks omitted). "[I]t is not enough that the prosecutor's remarks were undesirable or even universally condemned." *Id.* (internal quotation marks omitted).

Mr. Mars argues that the prosecutor engaged in misconduct when he "attempted to show the jury Mr. Mars could not be believed," and "provoked [Mr.] Mars into saying all the other witnesses were lying and his testimony was only to be believed." Aplt's Br. at 14-15.[1] During the State's cross-examination

---

[1] In his brief before us, Mr. Mars also argues that the prosecutor engaged in misconduct by holding up police reports in front of the jury and claiming that they showed Mr. Mars had been involved in similar altercations with Ms. Murray at least three previous times. Mr. Mars claims the police reports do not support

(continued...)

of Mr. Mars, the prosecutor did challenge his rendition of the facts by comparing it to the testimony of the State's witnesses and then asking whether those witnesses were lying. *See, e.g.*, Tr. Vol. I, at 218. In addition, during his closing argument, the prosecutor referenced Mr. Mars's deeming the State's witnesses "liars" insofar as their testimony was inconsistent with his own. Tr. Vol. II, at 37.

For substantially the same reasons as the district court, we reject Mr. Mars's argument that this was prosecutorial misconduct. Although the prosecutor's statements were "perhaps undesirable," Rec., doc. 18 (Report and Recommendation), at 11, it was not unreasonable for the OCCA to find that this behavior did not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden*, 477 U.S. at 181 (internal quotation marks omitted). We agree with the district court that the OCCA's denial, on direct appeal, of Mr. Mars's prosecutorial misconduct claim was not contrary to nor an unreasonable application of clearly established federal law.

---

[1](...continued)
this allegation, and that they were never shown to the jury. Aplt's Br. at 16-17. However, since Mr. Mars did not raise this claim in his habeas petition below, we do not address it here. *See, e.g.*, *Hammon v. Ward*, 466 F.3d 919, 926 n.8 (10th Cir. 2006) (declining to address a claim petitioner did not raise in his habeas petition before the district court).

## C.     Ineffective Assistance of Trial Counsel

In his habeas petition, Mr. Mars claims that his attorney rendered ineffective assistance by: (1) waiving the court reporter during voir dire; (2) failing to present medical expert testimony about Ms. Murray's injuries; and (3) failing to properly impeach the testimony of the State's witnesses.[2] As the magistrate judge noted, although Mr. Mars did raise an ineffective assistance claim on direct appeal, that claim was different than those he raised during his state post-conviction proceedings (which are the same as those he raised in his federal habeas petition). We agree with the district court that the ineffective assistance of trial counsel claims that Mr. Mars raised in his state post-conviction proceedings were procedurally barred because they could have been raised on direct appeal. *See, e.g.*, *Brown v. Sirmons*, 515 F.3d 1072, 1092 n.2 (10th Cir. 2008) ("Oklahoma's Post-Conviction Procedure Act, Okla. Stat. Ann. tit. 22, §§ 1080-89, embodies the principles of res judicata and precludes state collateral review of issues actually raised on direct appeal, as well as those issues that could have been raised on direct appeal, but were not."). In the absence of "a complete miscarriage of justice," we will not address claims that could have been raised on

---

[2] In his brief before us, Mr. Mars raises an additional claim – that trial counsel was deficient by "fail[ing] to properly prepare this case for trial," by not presenting more witnesses who would have testified in Mr. Mars's favor. Aplt's Br. at 19. However, since Mr. Mars did not raise this claim in his habeas petition below, we do not address it here. *See, e.g.*, *Hammon*, 466 F.3d at 926 n.8 (declining to address a claim petitioner did not raise in his habeas petition before the district court).

8

direct appeal, but were not. *United States v. Timmereck*, 441 U.S. 780, 783 (1979) (internal quotation marks omitted). Mr. Mars has shown no such miscarriage of justice.

**D.     Ineffective Assistance of Appellate Counsel**

The clearly established federal law regarding ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, Mr. Mars must show (1) "that counsel's representation fell below an objective standard of reasonableness", and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. Mr. Mars essentially claims that his appellate counsel rendered deficient performance by failing to argue ineffective assistance of trial counsel. Although the ineffective assistance of trial counsel claims were correctly treated as procedurally barred by the OCCA, and thus we did not review them above, the district court properly noted that the merits of those trial counsel claims must be reviewed in the context of the appellate counsel claim. *See, e.g.*, *Hain v. Gibson*, 287 F.3d 1224, 1231 (10th Cir. 2002) (noting that in order to properly address a similar claim of ineffective assistance of appellate counsel, the court "must look to the merits of the omitted issue") (internal quotation marks omitted). The OCCA affirmed the state district court's application of *Strickland*, denying the ineffective assistance of appellate counsel claim on the merits (specifically because the claims of ineffective assistance at the trial level were

9

without merit, so it is likewise meritless to castigate appellate counsel for failure to raise them). For substantially the same reasons as the district court, we agree.

### III. CONCLUSION

Accordingly, we DENY Mr. Mars's application for a COA, DENY his motion to proceed ifp, and DISMISS the matter.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk